**386**          SUPREME COURT OF INDIANA.

Graham *v.* The State, *ex rel.* The Board of Commissioners of Jefferson Co.

———— • ————

GRAHAM *v.* THE STATE, EX REL. THE BOARD OF COMMISSIONERS OF JEFFERSON COUNTY.

COUNTY AUDITOR.—*Official Bond.*—*Penalty Greater than required by Statute.*—Where the bond of a county auditor is executed in a greater sum than is required by section 2, 1 R. S. 1876, p. 154, it is not void, but the principal and surety are only liable as upon such a bond as the statute requires, and are bound for no greater sum than that required by the statute, as the penalty of such bond.

SAME.—*County Treasurer.*—*Credit for Moneys Paid on Unlawful Orders.*—When orders have been issued by the county auditor, and redeemed by the treasurer, he is entitled to a credit against the county for the amount thereof, although the act of the auditor, in issuing them, was unauthorized and unlawful ; for it is the duty of the treasurer to pay the same, out of the proper fund.

SAME.—*Board of Commissioners.*—*Suit on Auditor's Bond.*—*Relator.*—*Estoppel.*—*Ratification.*—*Repeal by Implication.*—In a suit, in such case, upon the auditor's bond, the board of commissioners is the proper relator, and is not estopped or prejudiced by having, in settlement with the treasurer, allowed him the amount of the orders in question, as such allowance and settlement are no ratification of the acts of the auditor in issuing the orders and drawing the money upon them. With respect to the proper relator in such suits, section 12 of the act of May 31st, 1852, 1 R. S. 1876, p. 155, is impliedly repealed by section 7 of the code, 2 R. S. 1876, p. 36, which was approved June 18th, 1852, in so far as the latter conflicts with the former.

Graham *v.* The State, *ex rel.* The Board of Commissioners of Jefferson Co.

SPECIAL VERDICT OR FINDING.— *What facts to be Found.*— *Venire de Novo.*
—Under the statute of this State, only the facts which are proved upon the trial of a cause are to be found in the special verdict or stated in the special finding ; and if the facts proved and found leave some issues in the case undetermined, those issues must be regarded as not proved by the party having the burden of proof ; and in such case the special finding is not objectionable because it does not pass upon all of the issues, and affords no sufficient cause for a *venire de novo.*

SAME.—*Supreme Court.*—Where the evidence is not in the record, the Supreme Court will presume that all the facts proved on the trial were found by the court in its special finding.

From the Jefferson Circuit Court.

*C. E. Walker, W. S. Roberts, E. R. Wilson, J. R. Cravens, —— Cravens* and *J. Roberts,* for appellant.

*A. D. Vanosdol* and *C. A. Korbly,* for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellant, which resulted in a trial by the court, and a finding and judgment for the plaintiff, for the sum of two thousand dollars.

The action was brought against Graham, as a surety on the official bond of Rufus Gale, as the auditor of Jefferson county. The bond was in the usual form of such bonds, but was in the penalty of five thousand dollars. Breaches of the bond were assigned, alleging, among other things, that Gale, during his term of office, had, as such auditor, drawn numerous warrants or orders upon the county treasury, payable to himself, for large amounts, and had presented them to the treasurer for redemption, who had paid the amount thereof to said Gale in redemption thereof; that the orders were drawn without any order of the board of commissioners of the county, or authority of law.

The statute provides that the county auditor " shall, before entering upon the duties of his office, execute his official bond, to be approved by the board of county commissioners, in the penal sum of two thousand dollars," etc. 1 R. S. 1876, p. 154, sec. 2.

It is contended by the appellant that the complaint was bad, as counting upon a bond unauthorized by law and therefore void. It may here be observed that there was a special finding of the facts by the court, and conclusions of law thereon stated. The court found, as matter of fact, that there was due the plaintiff over five thousand dollars, but found, as matter of law, that the defendant could only be held liable for the sum of two thousand dollars, the amount of the penalty required by the statute to be nominated in the bond, and rendered judgment accordingly. The appellee insists that the bond is valid as a voluntary bond for the whole amount of the penalty named therein, and has assigned a cross error, which raises this question. These propositions may well be considered together.

The following questions arise : Is an official bond, in a larger penalty than that prescribed by law, void? Or is such bond valid as a voluntary bond for the amount of the penalty named therein? Or is such bond valid to the amount of the penalty prescribed by the statute for such bond?

Without considering how these questions would have to be decided, were they controlled exclusively by the common law, we may observe that they seem to us to be controlled and settled by the statutes of this State.

By section 12 of an act touching official bonds and oaths, 1 R. S. 1876, p. 189, it is provided that "No official bond shall be void because of defects in form or substance, or in the approval and filing thereof; but upon the suggestion of such defects such bond shall be obligatory as if properly executed, filed and approved."

Again, in 2 R. S. 1876, p. 311, sec. 790, is found the following provision :

" No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any

officer in the discharge of the duties of his office, shall be void for want or form of substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking were perfect in all respects."

Construing these statutory provisions, all together, we think it is clear that the Legislature intended that, whatever departure there may have been from the provisions of the statute requiring the bond, in taking it, as to its form or substance, which includes the amount of the penalty named in it, the principal and surety should be bound upon it to the same extent, and no farther, as if the bond had been in all respects such as the law requires; in other words, that the principal and surety should be deemed liable as upon such a bond as the statute requires.

There are many cases in our Reports that tend to sustain the above propositions. It will be sufficient to cite the following: *The State, ex rel.,* v. *Berg*, 50 Ind. 496; *Miller* v. *McAllister*, 59 Ind. 491.

The defect in the bond sued upon was apparent on its face, and needed no further suggestion. See the case last above cited.

It follows that the bond sued on is not void; nor is it good for the whole amount of the penalty named in it; but it is good for the amount required by law for the penalty of such official bond.

It is also insisted by the appellant, that the board of commissioners was not the proper relator; that the treas-

urer who redeemed the orders was the proper relator, who alone, if any one, was injured by the wrongful act of the auditor in issuing the orders payable to himself and procuring the money thereon from the treasurer.

The question thus raised is also so intimately connected with another, that they may likewise be considered both together.

It appears by the finding, that after the orders had thus been issued by the auditor, Gale, and redeemed by the treasurer, the auditor reported them to the board of commissioners of the county, and the board examined and allowed them to the treasurer in his annual settlements with the board. This, it is claimed, was a ratification of the acts of the auditor, and precluded the county from going behind the settlement thus made, and raising any question as to the auditor's right to issue the orders.

It is argued by counsel for the appellant, in support of the first proposition, that, as the treasurer was not the bailee of the county, and as the legal title to the funds was in himself, he being liable to account to the county for the amount thereof, as an absolute debtor and not as a bailee, the wrong done was a wrong done to the treasurer and not to the county. See, as to the ownership of the funds and the liability of the treasurer to account to the county for the amount thereof, the cases of *Halbert* v. *The State, ex rel.*, 22 Ind. 125, *Rock* v. *Stinger*, 36 Ind. 346, and *Shelton* v. *The State, ex rel.*, 53 Ind. 331.

But the conclusion by no means follows the premises. Though the title to the funds may have been in the treasurer, and though he may have been bound to account to the county for the amount thereof as an absolute debtor, yet, if he redeemed the orders under such circumstances as entitled him to a credit therefor against the county, the wrong was done to the county and not to the treasurer

personally, and the board was the proper relator. And if the treasurer was entitled to a credit against the county for the amount paid in redemption of the orders, the board is not precluded from bringing this action by reason of having made settlement with him and having allowed him the amount. Such settlement and allowance are no ratification of the acts of the auditor in issuing the orders and drawing the money upon them.

The question then arises, whether the treasurer was entitled to a credit against the county for the amount paid in the redemption of the orders. We have no doubt that he was.

The auditor keeps the records of the proceedings of the board of commissioners. 1 R. S. 1876, p. 351, sec. 7.

The board has authority " To allow all accounts chargeable against such county, not otherwise provided for." 1 R. S. 1876, p. 352, sec. 13.

The auditor may " draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record, authorized to use a seal, and having jurisdiction beyond that of justices of the peace; or by the board of county commissioners." 1 R. S. 1876, p. 62, sec. 3.

It is the duty of the treasurer to " receive all money coming to the county, and disburse the same on the proper orders issued and attested by the auditor." " He shall pay all orders of the auditor when presented, if there be money in the treasury for that purpose, and write on the face of such order the date of redemption, over his signature." 1 R. S. 1876, p. 905, secs. 2 and 8.

It is urged, as we understand the brief of counsel for the appellant, that the treasurer must be presumed to have known the law; indeed, that he was bound to have known it, and to have known, therefore, that an order drawn by the auditor without any allowance therefor, and without authority of law, was illegal, and ought not to be paid, and if he paid it he made the payment of his own wrong.

It may be conceded that the treasurer was bound to know the law, and to know, therefore, that an order drawn by the auditor without any allowance · therefor, or authority of law, was illegal and ought not to be paid. But he was not bound to know the fact that no allowance had been made by the board of commissioners on which to base the orders in question.   The auditor, and not the treasurer, as has been seen, is the keeper of the records of the proceedings of the board of commissioners. And, as has also been seen, it was the duty of the treasurer to pay all orders of the auditor when presented, etc. The treasurer is not bound to search the auditor's office to see if there is an allowance by the board of commissioners, or an amount certified to be due by a court of record, on which to base an order drawn by the auditor and presented to the treasurer for payment.   That is no part of his official duty.   He is justified in paying all orders drawn upon him by the auditor, if there is an appropriate fund in the treasury sufficient for that purpose, for the statute makes it his duty to do so.

The treasurer might, to be sure, if he had knowledge that an order was drawn without any allowance, certificate, or authority of law, refuse payment; and payment could not be coerced, because the order would have no validity.

The treasurer, in this case, was not required to ascertain whether allowances had been made which authorized the issuing of the orders, and had a right to presume that such allowance had been made, and was justified in paying the orders.   He was, therefore, entitled to credit, for the amount thus paid, in his settlement with the board.   It follows that the county was injured by the wrongful acts of Gale, and that the board is the proper relator.   It also follows that the relator is not estopped or in any way prejudiced by having, in the settlement with the treasurer,

allowed him the amount by him paid in redemption of the orders in question.

It is further urged by the appellant, that the county auditor, and not the board of commissioners, was the proper relator in the case.

This proposition is based upon the following statutory provision in an act approved May 31st, 1852 :

" County auditors are authorized to institute suit and prosecute the same to final judgment and execution, in the name of the State, against principals or sureties, or either, upon any note, bond, mortgage, or any obligation, on account of any trust fund, or other fund, whether such note, bond, or mortgage, be in the name of the State or any other person." 1 R. S. 1876, p. 155, sec. 12.

This statute, conceding without deciding that the subject of the action would otherwise come within it, can hardly be construed to apply to actions upon the bonds of county auditors, for the Legislature could not have intended that a county auditor should bring a suit against himself. It can make no difference that the particular auditor upon whose bond the suit is brought has gone out of office; for, if the section applies to actions upon auditor's bonds at all, it applies to bonds of those in office as as well as those who have gone out.

There is, however, a later statute, which clearly makes the board of commissioners the proper relator in such case. The 7th section of the code of practice, 2 R. S. 1876, p. 36, which was approved June 18th, 1852, provides that " Actions upon official bonds, and bonds payable to the State, shall be brought in the name of the State of Indiana, upon the relation of the party interested."

This latter statute, in so far as it conflicts with the former, impliedly repeals it. The county is the party interested in the action, because its funds have been diminished by the wrongful act of the auditor, and the board of commissioners is, therefore, the proper relator.

The defendant filed a motion for a *venire de novo*, because the facts were not sufficiently found. And it is said in the brief of counsel for the appellant, that " The failure of the court to find one way or the other, upon the facts, as to two of the breaches alleged in the complaint, leaves the issues as to those breaches untried, just as the verdict of a jury on one paragraph of a complaint consisting of several paragraphs leaves the issues on the other paragraphs untried, and in such a case a *venire de novo* is awarded."

This makes it necessary to consider to some extent the nature and office of a special verdict or finding.

The statute provides that "A special verdict is that by which the jury find the facts only, leaving the judgment thereon to the court." 2 R. S. 1876, p. 171, sec. 335. The next following section provides that " the court shall, at the request of either party, direct them" (the jury) " to give a special verdict in writing upon all or any of the issues."

By section 341, 2 R. S. 1876, p. 174, it is provided that upon trials of questions of fact by the court, if one of the parties request it, " the court shall first state the facts in writing, and then the conclusions of the law upon them."

There is no difference between a special verdict and a special finding by the court, except that the special verdict finds the facts only, and the court afterward pronounces, or rather applies the law to the facts found, and renders judgment accordingly ; while, in a special finding, the court states the conclusions of law upon the facts found, so that the parties can except to the conclusions Neither a special verdict nor a special finding can do more in relation to facts than to find or state them. But what facts are to be thus found or stated ? · Clearly those that are proved upon the trial, and none other. When the special verdict has found the facts proved on the trial, it has performed its entire office; and when the special finding has

stated the facts proved on the trial, it has performed its entire office, so far as the facts are concerned. Of course the facts may be proved by circumstances or otherwise, as in any other mode of trial.

But suppose there are issues in the cause concerning which no evidence is given. There is nothing in such case in relation to those issues for the court or jury, in finding specially, to pass upon. No fact in relation to them has been proved, and, hence, no fact in relation to them is to be found or stated, because, as we have seen, the special verdict or finding is confined to the facts proved.

In the case supposed, it would seem that, in rendering judgment, the issues concerning which no facts are found should be regarded as not proved by the party on whom the burden of the issue or issues lies.

This leads us to inquire what was meant by the provision, that the court may direct the jury to give a special verdict upon all or any of the issues.

This provision, taken in connection with the others, seems to us to have meant that the court might direct the jury to find the facts specially which might be proved in relation to some of the issues, and to find a general verdict upon the others. Such practice might, in some peculiar cases, subserve a good purpose, but we have never known it to be resorted to. The provision clearly does not mean that the jury are to pass upon any of the issues, in finding a special verdict, in any other way than to find the facts proved. And if the facts proved and found do not determine some of the issues, those issues must be regarded as not proved by the party having the burden of proof resting upon him.

Applying the statute, with this construction, to the case before us, the special finding was not objectionable because it did not pass upon all the issues. As to the objection that it did not find all the facts proved, we can not say

that it is well taken. The evidence is not in the record, and we can not say that all the facts proved were not found by the court. The presumption is that they were.

We have thus examined all the points, as we believe, relied upon for a reversal, and find no error in the record.

The judgment below is affirmed, with costs.