No. 8079.

STUMPH ET AL. *v.* BAUER ET AL.

PARTNERSHIP.—*Execution on Judgment Against One Partner.— Specific Articles not Subject to Levy.*—Specific articles of partnership property, consisting of less than the whole, can not be levied upon to satisfy the individual debt of one of the partners. The entire leviable property of the co-partnership must be seized by the officer under the execution.

SAME.—*Partner Furnishing Capital.*—"*Working Interest.*"—*Individual Debt.*—Where S. furnished the capital and owned all the stock of a co-partnership, and R. contributed his labor and experience and had a "working interest" only, receiving a share of the net profits for his services, the property did not become partnership property, but was liable to be seized and sold to satisfy the individual debts of S.

SPECIAL FINDING.—*Practice.—Fact not Found.*—A failure to find a fact for a party having the burden of proof is equivalent to a finding against him.

From the Marion Superior Court.

*R. B. Duncan, C. W. Smith* and *J. S. Duncan,* for appellants.

BEST, C.—This action was brought by the appellants, as partners, to recover six barrels of whisky, which the appellee John T. Pressley, as sheriff, had levied upon to satisfy an execution in favor of his co-appellee, Adam Bauer, against John B. Stumph, one of the appellants.

Issues were formed and submitted to the court for trial, with the request by the appellants that the court find the facts specially, and state its conclusions of law thereon. This was done, and appellants excepted to the conclusions of law. Final judgment for the appellees. This judgment was affirmed in general term, from which appellants appeal, and insist, by the proper assignment of error, that the court erred in its conclusions of law.

The finding of facts is as follows :

"The plaintiff John B. Stumph, who, for several years prior to November 1st, 1873, had been engaged in the wholesale liquor business in the city of Indianapolis, Indiana, on

that day associated the plaintiff James R. Ross with him in
said business, pursuant to a verbal agreement, the terms of
which were substantially as follows : The business was to be
continued, Stumph furnishing all the capital and owning all
the stock, and also giving his attention to the business.
Ross was to contribute his labor and experience in the prose-
cution of the business, but was to furnish no capital.    He
was to have what he and Stumph called a 'working inter-
est;' that is, one-third of the net profits from and after
November 1st, 1873 ; but in the event there should be no
profits, but loss instead, Ross was not to bear any share of
such loss.    The plaintiffs began business under the firm
name of 'John B. Stumph & Co.,' and have continued in
business ever since under that name, and at the same place
and upon the terms as originally agreed upon, except that,
since November 1st, 1877, the agreement has been that Ross
should have one-half, instead of one-third, of the net profits.
Prior to the 14th day of August, 1877, the defendant Bauer
had recovered, in the Superior Court of Marion county, In-
diana, a judgment against said Stumph, upon which, on the
day and year last mentioned, there was an execution in the
hands of the defendant John T. Pressley, sheriff as aforesaid.
On the day and year last mentioned, said defendant Pressley
as sheriff, made demand of said Stumph to turn out prop-
erty to be sold under the said execution ; whereupon said
Stumph turned out some encumbered real estate, and re-
fused, at that time, to turn out any other property, real or
personal, out of the sale of which to satisfy the said execution.
The real estate so turned out was appraised, and, upon such
appraisement, it was ascertained that it was not worth any-
thing over and above the encumbrances upon it, which were
liens prior to that of the judgment of the plaintiff Bauer.
And thereupon said defendant Pressley, as sheriff as afore-
said, levied the said execution upon six (6) barrels of
whisky, the same replevied in this action, and part of the

stock on hand in the plaintiff's business, the entire stock on hand, at that time, being of the value of twenty thousand dollars ($20,000). The said six barrels of whisky are of the value of four hundred and fifty-six dollars ($456), and are now in the possession of said plaintiff, under the writ of replevin issued herein. The said execution is still unsatisfied, and, at the commencement of this action, there was due thereon the sum of two hundred and seventeen dollars and ninety-four cents ($217.94) principal, and of interest eighty-four dollars and seventy-five cents ($84.75), including costs herein, making a total of three hundred and two dollars and sixty-nine cents ($302.69)."

Upon the foregoing facts, the court concluded that the appellants, at the time of the levy, were not partners, and that the facts did not constitute a cause of action against the appellees, or either of them.

It is well settled that specific articles of partnership property, consisting of less than the whole, can not be levied upon to satisfy the individual debt of one of the partners. *Branch* v. *Wiseman*, 51 Ind. 1.

If the property in question was partnership property, its seizure was unlawful, and the appellants were entitled to recover. On the other hand, if the property belonged to Stumph, the levy was lawful, and the judgment was right. Did the property belong to Stumph? This depends upon their contract. By its terms, Stumph was to furnish all the capital, own all the stock, and give his attention to the business. Ross was to contribute his labor and experience, and was to have a third of the net profits. This property was a part of the stock. By the contract, Stumph did not put this property into the firm, if one was formed, as partnership property, nor part with its title, but, on the contrary, retained it himself. By express stipulation, his title to the property was the same after as before he made the contract, and Ross had no greater or different interest in the property

than he would have had had he engaged to render the same services for a like compensation. Ross was not to own the property, nor any interest in it, nor was it to belong to the firm. True, if it had been sold, he would have been entitled to one-third of the net profits, and so he would have been had he been employed to render such services for such compensation. Had Stumph put this property into the firm, and Ross his labor and experience, the profits to be divided in the proportion named, the property would have been partnership property. But this was not done. On the contrary, Stumph retained it, stipulating that he himself should own it, and this stipulation fixes the relation of these parties to this property. As between them, Stumph owns the property, and any right that he can assert to it against Ross, can be asserted against him by the individual creditors of Stumph.

Again, the conclusion that this property is the individual property of Stumph is strengthened by the stipulation in the contract, that Ross' interest is a "working interest," viz., one-third of the net profits. Stumph furnished everything, owns everything, and Ross has a "working interest." What is that but a compensation for his services? Why call it a "working interest," if it was not a compensation for his work? This language is significant. It is in harmony with the clause providing that Stumph should own the stock; and both clauses are utterly inconsistent with the position that Stumph put the property into the firm, and that it became partnership property. If, then, the "working interest" of Ross was a mere compensation for his services, the fact that it consisted of one-third of the net profits did not make him a partner. *Keiser* v. *The State,* 58 Ind. 379.

Again, by the terms of this contract the relation between these parties may be discontinued at any time. When this relation ceases, what becomes of this property? Must it be converted and an accounting had? Under such circumstances, would any one suppose that it must be disposed of

as partnership property, or doubt that Stumph is its absolute owner? We think not.

The appellants also insist that, under the facts found, Ross is liable as a partner, and therefore he is entitled to hold the partnership property until all partnership liabilities are extinguished, so as to protect himself. The answer to this position is, that it assumes the very fact in dispute, viz., that this is partnership property. If it is not, neither Ross, nor any one claiming through him, has any lien upon it, whatever his liabilities may be to third parties.

Again, if it were conceded that appellants could recover in such an action as this, in case Ross was liable as a partner to third persons, though as between them they are not in fact partners, the burthen is upon them to show such liability, and, as such fact is not found for them, it must be regarded as found against them. *Graham* v. *The State, ex rel.*, 66 Ind. 386.

We do not hold that Ross is not liable as a partner to third persons, but hold that the property levied upon was liable to be seized and sold to satisfy Stumph's individual debt, and therefore think the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby affirmed, at appellants' costs.