No. 10,040.

## WISEMAN ET AL. *v.* WISEMAN.

MARRIAGE.—*Presumption.*—*Evidence.*—A marriage will, in the absence of countervailing evidence, be presumed to exist so long as both parties live; and evidence that the husband afterwards, in a remote place, for a long period, cohabited with another woman, and had children by her,

and that during all that time she was recognized as his wife, has no tendency to prove a dissolution of the original marriage, and is not admissible for that purpose.

SAME.—*Divorce.*—The oral statement of a husband or wife that they have been divorced is not sufficient evidence thereof; nor will a separation, however protracted, be sufficient to create the presumption of a divorce.

PRACTICE.—*Open and Close.*—The mere fact that the counsel in opening the argument to the jury fails to read or comment on some instructions which the court has decided to give, and then does so in his closing argument, will not enable the Supreme Court to say that it was error to refuse a further speech to opposing counsel.

From the Hamilton Circuit Court.

*D. Moss, A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellants.

*T. J. Kane* and *T. P. Davis,* for appellee.

NIBLACK, C. J.—This was a petition for partition by the appellee, Sarah Wiseman, claiming to be the widow of John Wiseman, deceased, against the appellants, John W. Wiseman, Jacob A. Wiseman, Hiram T. Wiseman, Elizabeth M. Cupp, John B. Cupp and Elizabeth Wiseman, devisees under the last will of the decedent.

This is the second appeal of the cause to this court. See *Wiseman* v. *Wiseman,* 73 Ind. 112. Answer in general denial. Verdict for the plaintiff, finding that she was the owner of one undivided third part of the several tracts of land described in the complaint, and that the defendants were the owners of the two remaining third parts, accompanied by answers to several special interrogatories submitted to the jury which were entirely consistent with the general verdict.

Motion for a new trial overruled. Partition ordered and commissioners appointed. . Partition afterwards reported and report confirmed.

Upon causes assigned for a new trial questions were made upon the evidence, upon instructions given as well as refused, and upon the right to close the argument, and we are required by this appeal to review the several questions thus made below.

At the trial the defendants disputed the plaintiff's claim that

she was the lawful widow of John Wiseman, the decedent, and that constituted the principal and controlling question in the cause.

No one testified to being present at the marriage of the plaintiff to the decedent, but it was proven by admissions of the decedent soon afterwards made, and by circumstances which presumably left no reasonable doubt in the minds of the jury, that these parties were regularly married in the State of Maryland in March, 1828 ; that they soon afterwards went to housekeeping in that State, and lived together as husband and wife until September, 1829 ; that in February, 1829, a daughter was born to them who is still living ; that differences having arisen, and having continued to exist for some time, between them, they separated in September, 1829, and she returned with her child to her father's house in the State of Pennsylvania ; that early in January, 1830, the decedent visited the plaintiff at her father's house, and with the consent of her father entered into an agreement for a permanent separation ; that on the 9th day of that month the plaintiff and decedent on the one part, and the plaintiff's father on the other, executed and acknowledged an instrument in writing, in which the plaintiff and decedent were mutually described as husband and wife, providing for such separation and conveying to the father certain property for the use of the plaintiff. It was further made to appear that the decedent thereupon returned to the State of Maryland ; that four or five years afterwards he left the State of Maryland and came to this State, settling upon a farm in Hamilton county ; that when he came to this State he was accompanied by another woman, known ever afterwards as Elizabeth Wiseman, and one of the defendants in this action herein above named, with whom he resided as his wife until his death in 1876, and who, in the mean time, became the mother of her co-defendants, except John B. Cupp, also recognized as his children ; that in his will the decedent described the said Elizabeth, and pro-

vided for her, as his wife; that, during the period of their residence in this State, the said Elizabeth was generally reputed and understood to be the wife of the decedent, but there was no evidence tending to show that they were ever actually married. These facts concerning the decedent's relations to, and cohabitation with, the said Elizabeth, were brought out in a rather fragmentary and incidental way, mainly through testimony offered by the plaintiff. When the defendants proceeded with their evidence, they called one Henry P. Crull as a witness, but, some objection being made to questions addressed to him, their attorneys submitted a proposition as follows:

"We offer to prove by Mr. Crull, the witness on the stand, that the decedent, John Wiseman, resided in this county with the defendant Elizabeth Wiseman from about 1835 until the time of his death, in 1876; that the other defendants, except Elizabeth Wiseman, are the children of the said John Wiseman by said Elizabeth Wiseman; that the said John Wiseman and Elizabeth Wiseman were recognized in this county during all the time they resided here as husband and wife, and that she lived and was recognized as his wife during all that period of time; and that the children named were their children and recognized by him as legitimate. We further offer to prove by records and deeds that the said Elizabeth Wiseman joined with the said John Wiseman in the conveyance of his real estate, styling herself as his wife."

This proposition was rejected by the court, and the witness was not permitted to testify as proposed.

It is insisted that the proffered evidence would have tended to raise the presumption that the marriage relations between the plaintiff and decedent had been in some manner dissolved, and that it was for that reason erroneously excluded. If the plaintiff had relied upon reputation and cohabitation alone to establish her alleged marriage with the decedent, the evidence offered would have been relevant and probably admissible as establishing a condition of things apparently inconsistent

with her claim of widowhood, but, standing by itself, it would not have properly tended to prove the dissolution of the marital relations shown to have once existed between the plaintiff and the decedent.

When the marriage relation is once entered into, it is presumed to continue until the death of one of the contracting parties, and this presumption can only be overcome by affirmative proof that the marriage contract has been lawfully dissolved. Presumptions can not, therefore, be indulged against the continuance of a marriage contract.

Furthermore, all the substantial matters proposed to be proven by the defendants were, as above set forth, otherwise brought out and presented to the jury, so that in any event no serious injury was inflicted by the rejection of Crull's testimony.

The court instructed the jury that "the mere admission or oral statements of a husband or wife, that he or she was or had been divorced, would not be sufficient of itself to establish the fact that the marriage relations had been dissolved;" also, that "no length of separation of husband and wife will create any presumption of itself that the parties are divorced." No argument is submitted against the correctness of these instructions, and, as applicable to the facts of this case, we see no objection to either one of them.

References are made to other instructions, both given and refused, but in such a general way as to raise no specific question for decision upon any of them.

So far as we have observed, no ruling was made either in giving or refusing instructions, of which the defendants had any just cause of complaint.

Before the argument commenced the court, at the request of the parties, announced what instructions would be given and which ones asked would be refused. In his opening address to the jury, counsel for the plaintiff did not either read or comment upon certain instructions prayed for on behalf of the plaintiff and decided to be given by the court. Neither

did counsel for the defendants who followed him. In his closing argument, however, counsel for the plaintiff did read and comment upon some of the instructions requested for the plaintiff and approved by the court as above stated. When he concluded, counsel for the defendants claimed the right of replying to him and of closing the argument, but the court declined to permit any further reply on the part of the defendants and declared the argument closed.

In referring to trials before a jury, section 536, R. S. 1881, provides that "The parties may either submit or argue the case to the jury. In the argument, the party having the burden of the issue shall have the opening and closing, but shall disclose in the opening all the points relied on in the cause; and if, in the closing, he refer to any new point or fact not disclosed in the opening, the adverse party shall have the right of replying thereto, which reply shall close the argument in the case."

The bill of exceptions does not state either the nature or the extent of the comments made by counsel for the plaintiff on the instructions read by him in his closing argument, or anything from which we can infer that any new point or fact was referred to by him while commenting upon those instructions. For aught that appears counsel for the plaintiff may have pursued the same general line of argument in closing that he adopted in his opening address to the jury.

As, in the absence of an affirmative showing to the contrary, all the presumptions go in favor of the regularity of the proceedings appealed from, we must assume that no new point or fact was referred to in the closing argument for the plaintiff.

Painful as, for obvious reasons, our conclusion may be to the appellants, we feel constrained to hold that no sufficient cause has been shown for a reversal of the judgment.

The judgment is affirmed, with costs.