No. 612.

## THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY v. KENDALL.

BILL OF EXCEPTIONS.—*Apparent Omission of Evidence.*—*Supreme Court.*—Although a bill of exceptions concludes with the usual formula, "this was all the evidence given in the case," yet if, on the face of the bill, there is an apparent omission of evidence, the Supreme Court will not consider or decide any question which depends, for its proper decision, upon the evidence in the cause.

From the Parke Circuit Court.

*J. E. Iglehart* and *E. Taylor*, for appellant.

*J. G. McNutt, F. A. McNutt* and *S. D. Puett*, for appellee.

NEW, J.—This action was begun in the Vigo Circuit

Court. The venue was afterwards changed to the Parke Circuit Court, where the case was tried by a jury, with verdict and judgment in favor of the appellee for the sum of nine hundred dollars.

It is alleged in the appellee's complaint that the appellant's railroad track crosses Crawford street, a public highway in the city of Terre Haute, and that public travel might cross said track at its intersection with said street the appellant constructed at that point a plank crossing ; that said crossing was so negligently built that there was an aperture of three and one-half inches between one of the rails of said track and said plank crossing, and that the appellee's horse, while being driven across the same, without fault on the part of the driver, got its left hind foot into said aperture by reason of the appellant's said negligence, and said foot was thereby so wrenched, maimed and broken as to render said horse worthless, to the appellee's damage fifteen hundred dollars.

The complaint was answered by a general denial.

The appellant assigns as error the overruling of the motion for a new trial.

The reasons assigned for a new trial are, that the verdict of the jury is not sustained by sufficient evidence, that the verdict is contrary to law, and that the damages assessed are excessive.

The questions discussed by counsel for the appellant relate to the condition of the crossing in the respects alleged in the complaint, and the nature and extent of the injury sustained by the horse. They claim, in other words, that upon the evidence the verdict should have been for the appellant.

Counsel for the appellee, however, make the point, that this question can not be considered by this court, for the reason that it appears from the bill of exceptions itself that it does not contain all the evidence given in the cause.

Upon examination we find this to be true.

The Evansville and Terre Haute Railroad Company *v.* Kendall.

The bill, at the proper place, contains the appropriate words, " this was all the evidence given in the cause," but it affirmatively appears from the bill that it does not contain all the evidence given.

John L. O'Donnell testified as a witness for the appellant. At the close of his examination in chief we find the following: "And on cross-examination he testified as follows: * * * ."

With this statement we must presume that O'Donnell gave testimony upon cross-examination which has been omitted from the bill of exceptions.

It is well settled that although the bill of exceptions concludes with the words, " This was all the evidence given in the cause," yet, if it affirmatively appears from the bill that it does not contain all the evidence given, this court will not consider and decide any question which depends upon the evidence for its proper solution.  *Collins* v. *Collins*, 100 Ind. 266;  *Reed* v. *Cheney*, 111 Ind. 387;  *Conger* v. *Land*, 112 Ind. 263; *Evans* v. *Schafer*, 119 Ind. 49.

In *Collins* v. *Collins*, *supra*, it was stated in the bill of exceptions that certain witnesses " testified as follows," but their evidence was not set out.   The bill of exceptions contained the usual statement, " This was all the evidence given in the cause."   The court in that case said :  " With the statement in the bill of exceptions as to three different witnesses, that the witness ' testified as follows,' we can not presume that the witness did *not* testify, and that, for this reason, his testimony was omitted.   If the three witnesses did not testify on the trial, the appellants ought to have had their bill of exceptions corrected before they brought their appeal to this court."

We are compelled to treat the record as not containing all the evidence, and must therefore presume in favor of the action of the court below in overruling the motion for a new trial.

The judgment is affirmed, with costs.

Filed April 13, 1892.