Richardson *v.* Dawson.

---

RICHARDSON, ADMINISTRATRIX, *v.* DAWSON.

[No. 19,324.   Filed June 26, 1901.]

APPEAL AND ERROR.—*Record.*—*Evidence.*—Where there is no order-book entry showing the filing of any bill of exceptions, and the certificate of the clerk contains nothing in reference to the incorporation of an original bill of exceptions containing the evidence, the evidence is not in the record, though what purports to be a transcript of the testimony is attached thereto. *p. 188.*

SAME.—*Record.*—*Evidence.*—Questions as to the admissibility of evidence and as to instructions can not be considered on appeal, where the evidence is not in the record. *p. 188.*

From Morgan Circuit Court; *G. W. Grubbs,* Judge.

Action by Charlotte Richardson, as administratrix, against Byron Dawson. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*W. Eldridge* and *E. F. Barker,* for appellant.
*W. L. Taylor* and *Floyd Woods,* for appellee.

BAKER, J.—Appellant unsuccessfully prosecuted this action as administratrix of the estate of her deceased husband to recover $10,000 against appellee for wrongfully causing his death. The only error assigned is the overruling of the motion for a new trial. The grounds of the motion relate exclusively to the admissibility and sufficiency of the evi-

dence and to the correctness of the instructions. No attempt has been made in any way to bring the instructions into the record.

The transcript contains copies of the pleadings, motion for a new trial, order-book entries in connection therewith, and the final judgment. Then follows the certificate of the clerk that the foregoing is a full, true, and correct copy of the records and judgment of the court in the above entitled cause. Next succeeding this is the assignment of errors signed by appellant's attorneys. Following the assignment of errors, there are attached many pages of what appears to be a transcription of the testimony in some case. This cannot be taken as a bill of exceptions containing the evidence in this case, because there is no order-book entry showing the filing of any bill of exceptions, and also because the certificate of the clerk contains nothing in reference to the incorporation of an original bill of exceptions containing the evidence into the transcript. The manner in which this transcript was prepared is identical in all particulars with that in the case of *Shewalter* v. *Bergman,* 132 Ind. 556. Inasmuch as the evidence is not in the record, no question is presented. *Harris* v. *State,* 155 Ind. 15 ; Ewbank's Manual, §32. Judgment affirmed.