DUNN *v.* STARKE COUNTY TRUST AND SAVINGS BANK, EXR., ET AL.

[No. 14,569. Filed February 24, 1933. Rehearing denied June 9, 1933. Transfer denied January 17, 1934.]

*Oscar B. Smith* and *Charles H. Peters*, for appellant.
*Orville W. Nichols*, for appellees.

DUDINE, J.—Che Mah, a Chinese dwarf, died testate .March 21, 1926. By the terms of his will he ordered the payment of his debts and funeral expenses and gave the residue of his estate to his son "Frankie—born of my wife Louisa (Coleman) Che Mah,—on the fifteenth day of August, A. D. 1883." Frankie died March 21, 1920. Louisa Coleman Che Mah Dunn, appellant, and Nora Mah, appellee, each claimed to be the legal widow of Che Mah, and each filed a petition in decedent's estate to have the residue set off to her as such widow. Trial was had upon the two petitions.

In a special finding of facts, properly requested, the court specially found the following facts: That Che Mah and appellant entered into a common law marriage in 1882 and lived together as husband and wife for about eighteen months at which time they ceased to live together as husband and wife; on the fifteenth day of August, 1883, appellant gave birth to a son, Frankie, whom Che Mah acknowledged as his son. In 1909 Che Mah married Nora Mah in accordance with legal formality. They lived together as husband and wife until 1920, when they separated. They did not live together as husband and wife thereafter. Frankie died March 21, 1920. Che Mah executed his last will October 17, 1920, by which he gave the residue of his estate to Frankie. Che Mah died on March 21, 1926.

There was no finding as to whether or not the common law marriage of Che Mah and appellant had been dissolved.

The court stated, as its conclusions of law on the facts found, 1st. That the marriage of Che Mah to Nora Mah was legal. 2nd. That she was his legal wife and surviving widow, and was entitled to share in his estate. 3rd. That appellant was not his surviving widow,— and was not entitled to share in his estate.

Judgment was rendered accordingly. Appellant filed a motion for a new trial, which was overruled, and appellant appeals to this court.

In due time appellant filed a motion to have the special findings made more specific and certain, which motion was overruled, with exceptions to appellant; and said motions, exceptions, and ruling were made part of the record without a special bill of exceptions.

As her first assignment of error relied upon for reversal appellant contends: "The court erred in refusing and failing to find all the material facts proven on the trial of the cause; . . . " As point A under this

assigned error she complains of the overruling of said motion to make the special finding more specific.

Appellant's brief clearly indicates that by this purported error she complains of the fact that the lower court refused to find certain facts in addition to the facts found by the court. She does not complain of the insufficiency of the finding made, to support the conclusions of law.

The finding is intended to be a finding by the trial court. The trial court can change its finding or amend it in any way it sees fit at any time before judgment is rendered. This can be done by the court on its own motion, or upon motion, written or oral, of the attorneys in the case. The finding in its final form, when judgment is rendered, is the finding *of the court,* regardless of whether or not it was changed. There is no rule of practice recognized by the courts of this state, which gives the parties a right to file a motion to modify a special finding, as part of the proceedings of a cause. An appeal on the action of the lower court on such a motion would be an invasion of the province of the trial court of finding the facts. *Jones* v. *Mayne et al.* (1900), 154 Ind. 401, 55 N. E. 956; *Meridian Life, etc.* v. *Eaton* (1907), 41 Ind. App. 118, 81 N. E. 667.

Appellant discusses three other assignments of error in her brief. They are that the lower court erred in its conclusions of law numbered one, two, and three, respectively.

Appellant, in due time, reserved an exception to each of said conclusions of law. In her motion for new trial she set forth, as reasons therefor, that each of said conclusions of law were contrary to the evidence, and were not supported by the evidence. In this appeal she cites the overruling of her motion

for a new trial as an error relied upon for reversal, but she does not discuss said last mentioned error in her brief. Therefore, in accordance with the rules of this court, said last mentioned error is deemed by this court to be waived.

As point A under her second assignment of error, appellant contends that the evidence discloses that her marriage to Che Mah had never been dissolved.

This alleged error is based on an exception to a conclusion of law. "Exceptions to conclusions of law admit, for the purpose of the exceptions, that the facts upon which such conclusions are based, have been fully and correctly found." Watson's Work and Practice, Vol. 2, Sec. 1609. Hence this court is not authorized to consider the evidence in determining whether or not the trial court erred in its conclusions of law on the facts found. Appellant hereby attempts to challenge the correctness of the finding, by exceptions to the conclusions of law. This cannot be done.

Appellant also cites Sections 9862 and 9863 Burns R. S. 1926, which declare marriages where either party thereto has a former wife or husband living, as being void. She also quotes from *Wiseman* v. *Wiseman* (1883), 89 Ind. 479, "When a marriage is once entered into, it is presumed to continue until death of one of the contracting parties, and this presumption can only be overcome by affirmative proof that the marriage has been legally dissolved." Appellant contends that since the court found that appellant and Che Mah had entered into a common law marriage, and since there was no finding that this marriage had been legally dissolved before Che Mah's marriage to appellee, therefore the court should have concluded that appellant was Che Mah's widow.

Conclusions of law are based on the facts found.

There are two facts in the finding which determine this cause. They are: 1st. That Che Mah married appellant in 1883; 2nd. that he married appellee in 1909.

Sections 9862 and 9863, Burns 1926 (§§5619, 897, Baldwin's Ind. Ann. Stat. 1934), do not apply because there is no finding that at the time of appellee's ■ marriage to Che Mah he had a former wife living. This fact cannot be put into the finding by intendment.

The presumption of continuity of the marriage contract does not apply here, because, in case of conflicting marriages of the same spouse a presumption of ■ validity operates in favor of the second marriage. 38 C. J. 104; *Boulden et al.* v. *McIntire* (1889), 119 Ind. 574, 21 N. E. 445; *Wenning* v. *Teeple et al.* (1895), 144 Ind. 189, 41 N. E. 600.

The court, having specially found two conflicting marriages, needed only to apply the presumption of law in favor of the second marriage, to reach the ■ conclusions of law which the court did reach. No more facts were necessary to support the conclusions of law.

We think the presumption of law in favor of the latter of two conflicting marriages applies in this instance, and there is no fact found which rebuts this presumption.

We hold that the court did not err in either of its conclusions numbered, two, three and four.

Appellant does not present in this appeal the question of whether or not there was sufficient evidence to sustain the decision of the court. We think this question, would have been quite pertinent, but it not being presented we will not discuss it.

Judgment of the lower court is affirmed.

Bridwell, J., and Smith, J. dissent.