RAY STRINGER COMPANY, LIMITED, ET AL. *v.* DILLON.

[No. 15,728. Filed January 25, 1938. Rehearing denied April 19, 1938.]

*William G. White,* for appellants.

*Carl Seet* and *John F. Linder,* for appellee.

WOOD, J.—The appellee brought suit against the appellants for damages alleged to have been sustained by him, because of fraudulent conduct resorted to by appellants in inducing the appellee to purchase certain peanut vending machines from appellants. The issues consisted of a complaint in one paragraph and an answer in general denial.

The case was tried to the court without a jury. Upon request the court found the facts specially and stated its conclusion of law thereon, which were in favor of appellee. Judgment was rendered in harmony with the conclusion of law. From this judgment appellants have

appealed. The only error assigned for reversal and not waived is error of the court in its conclusion of law.

It is appellant's contention, that since appellee's complaint is predicated upon the theory of fraud, in order to sustain the trial court's conclusion of law, it was necessary to find fraud as an ultimate fact and that the court failed to make such finding.

By excepting to the conclusion of law, the appellants admit for the purpose of the exception, that the facts upon which the conclusion is based have been fully and correctly found, limited however, to the facts found within issues formed by the pleadings.

The case at bar does not come within the class of cases controlled by Sec. 21 of our statute of frauds, being Sec. 33-412 Burns 1933, Sec. 8384 Baldwin's Ind. St. 1934, which provides that fraud shall be deemed a question of fact and has reference only to actions involving the question of fraudulent intent where the rights of the parties depend in some manner on some provision of the act of which said section forms a part. The rights of the appellee are not dependent upon the statute of frauds.

In *Cotterell* v. *Koon* (1898), 151 Ind. 182, 186, 51 N. E. 235, it was said: "Where, in a pleading or special finding, fraud must be made to appear, except there be some statute or some special rule to the contrary, the facts constituting the fraud must be stated, and mere epithets are not required, nor are they available."

Our Supreme Court has held that nothing could be added to a special finding of facts in reference to fraud unless it resulted as a necessary conclusion from the facts found. Thus, it is permissible to draw conclusions as to the existence of fraud if the conclusions necessarily follow from the facts found. By numerous decisions of this court and the Supreme Court

it has been held, that where the primary facts found lead to but one conclusion, or where the facts found were of such a character and nature that they necessitate the inference of the ultimate fact such ultimate fact will be treated as found. *Dunker* v. *Calahan* (1917), 64 Ind. App. 624, 113 N. E. 15, and authorities there cited.

In *Mount* v. *Board, etc.* (1907), 168 Ind. 661, 665, 80 N. E. 629, 14 L. R. A. (N. S.) 483, our Supreme Court said: "It is, however, to be recollected that where the primary facts lead to but one conclusion there is no occasion for a statement of the ultimate fact."

In determining the meaning and effect to be ascribed to a special finding of fact it is to be read as a whole; the intendments are in its favor, rather than against it, and if, by considering one part in connection with other parts relative to the same matter, the finding can be said to be sufficient, it will be upheld. *Mount* v. *Board, etc., supra.*

From a careful examination of the finding of facts before us, it is clear that they come well within the requirements of the above principles of law and that they lead to but one conclusion, namely, that the appellee was induced to purchase the vending machines because of the fraudulent conduct of the appellants resulting in his damage.

Finding no error the judgment is affirmed.