CAMMACK *v.* KENTUCKY HOME MUTUAL LIFE INSURANCE COMPANY, ETC.

[No. 17,071. Filed June 22, 1943.]

540

O. B. *Hanger* and *Connor D. Ross*, both of Indianapolis, for appellant.

*L. H. Hilton*, of Louisville, Kentucky, and *George C. Forrey III* and *White, Wright & Boleman*, all of Indianapolis, for appellee.

CRUMPACKER, P. J.—This action involves a policy of insurance issued on the life of one Jesse H. Cammack by the Inter-Southern Life Insurance Company and subsequently reinsured by the appellee, Kentucky Home Mutual Life Insurance Company, upon which policy the appellant, as the beneficiary thereof, brought suit to recover its proceeds.

On trial of the cause judgment was rendered against the appellant and in this appeal she seeks relief on three assigned errors: (1) The trial court erred in overruling her motion for a new trial; (2) the trial court erred in each of its conclusions of law; and (3) the trial court erred in its conclusion of law No. 1.

Appellant's motion for a new trial was overruled on June 29, 1942, the 49th day of the May term of the Morgan Circuit Court, where the cause was tried. No time was then asked or given in which to file a bill of exceptions containing the evidence and no such bill was, in fact, filed during said May term. On July 31, 1942, during what the record desig-

nates as a "Vacation Term," the court made the following entry: "Comes now the plaintiff and prays an appeal in the above entitled cause of action to the Appellate Court of Indiana. Ninety (90) days from the date of the official motion for a new trial (June 29, 1942) is granted to file Bill of Exceptions (September 26, 1942)." It has long since become the fixed and settled law of this State that a grant of time in which to file a general bill of exceptions, not made at the time the motion for a new trial was overruled, is void. *Harker et al.* v. *Eisenhut* (1937), 212 Ind. 67, 6 N. E. (2d) 936; *Huntington Brewing Co.* v. *Miles* (1912), 177 Ind. 109, 96 N. E. 145; *Stremmel* v. *Gaar, Scott & Co.* (1911), 176 Ind. 600, 96 N. E. 703; *Taylor* v. *State* (1921), 191 Ind. 200, 132 N. E. 294; *Crouse et al.* v. *Crouse* (1939), 106 Ind. App. 565, 21 N. E. (2d) 71. Such being the law it is apparent that the evidence in the instant case is not in the record and any question involved in this appeal that requires reference to or consideration of such evidence is not before us for review.

Appellant's motion for a new trial, the overruling of which constitutes her first assignment of error, rests upon the following grounds: (1) The decision of the court is contrary to law; (2) the decision of the court is contrary to the evidence; (3) the decision of the court is not sustained by sufficient evidence; (4) the decision of the court is contrary to the weight of the evidence; (5) the decision of the court is not fairly supported by the evidence; (6) and (7) certain evidence was erroneously admitted over appellant's objection. Of these reasons 2, 4 and 5 are unknown to our code of civil procedure and it has frequently been held that such specifications of error present no question for consideration. § 2-2401, Burns'

1933, § 368, Baldwin's 1934; *Board of Comm. Lake County* v. *Hayhurst* (1935), 209 Ind. 416, 199 N. E. 258; *Bass* v. *Citizens Trust Co.* (1904), 32 Ind. App. 583, 70 N. E. 400; *Seymour* v. *Seymour* (1941), 110 Ind. App. 75, 37 N. E. (2d) 269; *Seisler* v. *Smith et al.* (1898), 150 Ind. 88, 46 N. E. 993.

Ground 1, "the decision of the court is contrary to law," and ground 3, "the decision of the court is not sustained by sufficient evidence" are each recognized by our statute, *supra,* as valid reasons for a new trial but when the evidence is not in the record no question is presented by these assignments. *Lemasters* v. *Williams Coal Co.* (1934), 206 Ind. 369, 189 N. E. 414. Watson's Revision of Works Practice, Vol. II, Sec. 2001, p. 562, states the rule in this manner: "The question whether the verdict is sustained by sufficient evidence or is contrary to law can only be determined on appeal from the evidence, together with the law applicable thereto. Therefore, in order to make either of these causes available on appeal, the record must contain all of the evidence given at the trial. Where the evidence is not in the record, the appellate tribunal will presume in favor of the verdict. This rule applies to special findings by the court." *Richardson* v. *Dawson* (1901), 157 Ind. 187, 60 N. E. 1085; *Lay* v. *State* (1913), 180 Ind. 1, 102 N. E. 274; *Ebner, Admr.* v. *Ohio etc. Ins. Co.* (1918), 69 Ind. App. 32, 121 N. E. 315; *Graham* v. *State ex rel. The Board of Commissioners of Jefferson Co.* (1879), 66 Ind. 386; *Morris, Adm'r., et al.* v. *Stern et al.* (1881), 80 Ind. 227; *Evansville and Terre Haute Railroad Company* v. *Kendall* (1891), 4 Ind. App. 460, 30 N. E. 1110.

Grounds 6 and 7 of the motion question the admissibility of certain evidence and set out specifically the

questions objected to, the reasons for such objections, the court's rulings thereon and the witnesses' answers thereto. Obviously without the evidence before us these questions can be given no consideration. As this disposes of all matters appellant seeks to raise by her first assignment of error, we hold that no question is presented thereby.

The remaining assignments of error go to the legality of the court's conclusions of law with reference to which the appellant states two points as follows: (1) Said conclusions are stated on a special finding of facts which is not supported by the evidence; and (2) said conclusions are based on incompetent evidence erroneously admitted and considered by the trial court. Again we are helpless in the absence from the record of a bill of exceptions containing the evidence. Furthermore it is established law that exceptions to conclusions of law admit that the facts have been fully and correctly found and raise no question except as to the law applied thereto by the trial court. *Blair* v. *Curry et al.* (1898), 150 Ind. 99, 46 N. E. 672; *Weeks* v. *Hathaway* (1910), 45 Ind. App. 196, 90 N. E. 647; *State ex rel.* v. *Indiana etc. Dairy Products* (1926), 198 Ind. 288, 297, 153 N. E. 499; *Standard Live Stock Ins. Co.* v. *Atkinson* (1916), 185 Ind. 34, 111 N. E. 913; *Edmundson* v. *Friedell* (1928), 199 Ind. 582, 587, 159 N. E. 428. In the last case, *supra*, the court said: "It is elementary that an assignment of error based upon an exception to the conclusion of law does not question the special finding of facts, but for the purpose of the exception and the error declared thereon, admits the special finding of facts to be full, complete, and true."

Notwithstanding this state of the record the appellant contends that statements in the pleadings of the

.parties, taken as a whole, conclusively show that the law is with her and therefore the court's conclusion to the contrary is erroneous. If this be true, it was apparent to the appellant while the cause rested with the court below and her proper remedy was a motion for judgment on the pleadings as provided by § 2-2503, Burns' 1933, § 375, Baldwin's 1934, the overruling of which could then have been assigned as error on appeal. Having failed to do so the question cannot be raised for the first time in this court through the medium of an assignment of error predicated upon an exception to the trial court's general conclusion that the law is with the appellee. *Toledo, Wabash & Western R. W. Co.* v. *Craft* (1878), 62 Ind. 395; *The Pennsylvania Company* v. *Roney, Admx.* (1883), 89 Ind. 453.

The conclusions of law reached by the trial court are based on its special findings of facts and not upon the pleadings, and no question arising on the pleadings can be presented through an assignment of error that tests only the correctness of the law applied to the facts as found.

Neither in general or in particular does the appellant's assignment of errors present any question that, under established practice, we are permitted to review.

Judgment affirmed.

NOTE.—Reported in 49 N. E. (2d) 384.