FOUTS ET AL. *v.* LARGENT ET AL.

[No. 28,646. Filed October 4, 1950.]

*Arthur McGaughey;* and *McGaughey & McGaughey,* all of Crawfordsville, for appellants.

*Walter N. Haney;* and *Wernle & Ristine,* all of Crawfordsville, for appellees.

YOUNG, J.—This was an action to recover the sum of $1,000 as liquidated damages because of an asserted breach of contract for the sale of real estate.

The case was filed in the Montgomery Circuit Court and was sent to the Fountain Circuit Court on a change of venue. A motion for special findings of fact with conclusions of law thereon was filed by appellants and at the conclusion of the trial the court handed down its special findings and stated that the appellants failed to deliver to plaintiff a good and sufficient abstract of title showing a good and merchantable title to said real estate and that plaintiffs became entitled to the full sum of $1,000 as liquidated damages, as specified in their contract, $500 of which is already held by appellees and that appellees are entitled to recover judgment against the defendants in the sum of $500.

Thereafter, appellants filed a motion for *venire de novo* and also a motion for a new trial, and further alleged that the findings as made and filed are defective in that they do not find the essential and material facts in said cause.

The appellants' motion for a new trial was overruled. The only cause for a new trial specified in appellants' brief is that the decision of the trial court is contrary to law and upon this appeal there is no attempt made in the record or briefs to present to the court the facts as developed by the evidence. In such case no question is presented upon a motion for a new trial and it need not be further considered. *Lemasters* v. *Williams Coal Co.* (1934),

206 Ind. 369, 189 N. E. 414; *Cammack* v. *Kentucky Home Mutual Life Insurance Co.* (1943), 113 Ind. App. 538, 542, 49 N. E. 2d 384, 386; *Richardson* v. *Dawson* (1901), 157 Ind. 187, 60 N. E. 1085; *Lay* v. *State* (1913), 180 Ind. 1, 102 N. E. 274; *Abner, Admr.* v. *Ohio, etc., Ins. Co.* (1918), 69 Ind. App. 32, 121 N. E. 315; *Graham* v. *The State, ex rel. The Board of Commissioners of Jefferson Co.* (1879), 66 Ind. 386; *Morris, Adm'r., et al.* v. *Stern et al.* (1881), 80 Ind. 227; *The Evansville and Terre Haute Railroad Company* v. *Kendall* (1891), 4 Ind. App. 460, 30 N. E. 1110; II Watson's Revision, *Works' Practice* 562, § 2001.

Exceptions to conclusions of law admit that the facts have been fully and correctly found and raise no question except as to the law applied to such facts. *Byrum* v. *Wise* (1940), 216 Ind. 678, 683, 24 N. E. 2d 1006, 1008; *Edmundson* v. *Friedell* (1927), 199 Ind. 582, 587, 159 N. E. 428; *Cammack* v. *Kentucky Home Mutual Life Insurance Co.* (1943), 113 Ind. App. 538, 542, 49 N. E. 2d 384, 386, *supra; Ray Stringer Co., Ltd.* v. *Dillon* (1938), 105 Ind. App. 194, 12 N. E. 2d 365; *Bryant* v. *Barger* (1939), 106 Ind. App. 245, 18 N. E. 2d 965; *Krueger* v. *Beecham* (1945), 116 Ind. App. 89, 61 N. E. 2d 65.

Hence, in ruling upon the exceptions to the conclusions of law, we are confined to the facts found by the court and special findings should find only the ultimate facts, and not the evidence, to support such facts. *Taylor* v. *Canaday, Rec.* (1900), 155 Ind. 671, 675, 57 N. E. 524, 59 N. E. 20 (insolvent bank); *Behler* v. *Ackley* (1909), 173 Ind. 173, 179, 89 N. E. 877 (legal voters); *Pavey* v. *Braddock* (1908), 170 Ind. 178, 185, 84 N. E. 5 (incorporated city); *Kenefick* v. *Schumaker* (1917), 64 Ind.

App. 552, 563, 116 N. E. 319 (title questionable or marketable).

As Finding No. 6 of said Special Findings, the Court found as follows:

"6. That said abstract was not a good and sufficient abstract of the title and did not show a good and merchantable title in defendants at the time of said sale, for the following reasons:

"(a) That the boundaries of said real estate as described in said abstract are vague and indefinite, and depend upon the meanderings of Sugar Creek, uncertain starting points, and in one case without giving a lineal measurement to close the tract intended to be described, and involves discrepancies in directions, angles and measurements.

"(b) That said abstract is not complete because it does not show it to be certified by a competent abstractor for the entire period from the date of original entry to the date of sale covering all of the real estate included in said sale.

"(c) That said abstract does not show a good and merchantable title in defendants because said abstract shows that one Mary M. Atkinson in 1889 acquired title to Tracts I, II and part of Tract III by virtue of a suit to quiet title and certain quit claim deeds, and that said title of said Mary M. Atkinson directly conflicts with the chain of purported title upon which defendants base their claim to the ownership of said land."

Finding No. 6 is the place in said findings where anything is said about the abstract which was furnished to appellees. In connection with this finding, appellant takes the position that said finding, standing alone, is a conclusion of law and not the finding of any facts. With this we cannot agree.

In the case of *Graham* v. *The State, ex rel. The Board of Commissioners of Jefferson Co.* (1879), 66 Ind. 386, *supra*, the rule which is applicable here seems to be well stated and is to the effect that when special findings are requested and

stated by the court, the findings so stated are those that are proved upon the trial and none other, and where facts proved and found fail to determine some of the issues those issues must be regarded as unproved by the party having the burden of proof resting upon him. To the same effect, see *Knight* v. *Kerfoot* (1915), 184 Ind. 31, 39, 40, 110 N. E. 206; *Smith* v. *Barber* (1899), 153 Ind. 322, 331, 53 N. E. 1014; *Dunn* v. *Starke Co. Trust and Sav. Bk., Exr.* (1933), 98 Ind. App. 86, 90, 184 N. E. 424; *Maxwell* v. *Wright* (1903), 160 Ind. 515, 517, 518, 67 N. E. 267, and, in the last case cited, this court used the following language:

"In the well reasoned opinion in the Graham case the court holds in effect that the old rule is not applicable to special verdicts and special findings under the above sections of our code, if such verdict or finding has in its substance enough to form the basis of a judgment for either party. The reason is this: In the one case the only province of the jury is to find all the proved—not the unproved—facts. In the other the court must find all the facts within the issues that have been established by the evidence, and should leave unstated all the issuable facts not proved by the party assuming to do so. The only difference in the two cases is that in the former the court must apply the law to the facts as they exist by the verdict of the jury, which he may do without disclosing his views, and in the latter he must state in writing what he conceives the law to be as applicable to the facts he has found proved, with a view of enabling the losing party to challenge the soundness by appeal, and judgment shall be rendered accordingly. In both cases it must be assumed that all the facts the parties were able to prove are stated, and that all absent facts were left unstated, because unproved, and the verdict is not, therefore, defective. Hence the rule that all issues and material facts not found in a special finding or special verdict will be adjudged against the party who had the burden of proving them. *Glantz* v. *City of South Bend,* 106

Ind. 305; *Pittsburgh, etc., R. Co.* v. *O'Brien,* 142 Ind. 218, 222."

Appellant, in this case, contends that the facts found in said Finding No. 6 are conclusions of law and not the finding of any facts, and, in support of their contention, cites *The City of New Albany et al.* v. *Endres* (1896), 143 Ind. 192, 203, 204, 42 N. E. 683, where this court said, in deciding the case:

"It, however, is settled law that where a negative is essential to the existence of a right, the party claiming the right has the burden of proving such negative. *Boulden* v. *McIntire,* 119 Ind. 574, and authorities there cited; *Goodwin* v. *Smith,* 72 Ind. 113; *Vail* v. *McKernan,* 21 Ind. 421; *Maynes* v. *Moore,* 16 Ind. 116. In this case the nonexistence of a valid record and the nonexistence of payment or tender of damages were essential to the right to enjoin. The failure to find the negative of these facts as the appellee had alleged, or one of them, was equivalent to finding against him as to such fact or facts. See authorities above cited on this point: *Ex parte Walls,* 73 Ind. 95; *Parker* v. *Hubble,* 75 Ind. 580; *Stumph* v. *Bauer,* 76 Ind. 157; *Studebaker* v. *Langard,* 79 Ind. 320; *Spraker* v. *Armstrong,* 79 Ind. 577; *Talburt* v. *Berkshire Life Ins. Co.,* 80 Ind. 434. The trial court therefore erred in its conclusions of law."

In the same connection the appellant contends that there is a substantial difference between the words "time of sale" and "date of closing sale" and contends that this constitutes a conclusion of law rather than a finding of fact. It occurs to us that in a case such as the one before us there cannot be any real difference between the two terms and that a failure to deliver a good and sufficient abstract of title as of the time of sale, in fact, means at the time of closing and that, in this case, was on April 15, 1946, and that, on September 21, 1946, appellees de-

manded that appellants deliver a good and sufficient abstract of title showing a good and merchantable title in defendants as of the time of said sale, but said appellants have wholly failed to deliver or offer to deliver to appellees a good and merchantable abstract of title to said real estate. The truth is, as is disclosed by Finding No. 4, that, on the 1st day of April, 1946, plaintiff paid defendants $1,000 as a down payment and later, on June 15, paid them everything else that was coming to them, but by special agreement withheld $500, which was to be paid when a good and merchantable abstract of title in said defendants had been delivered to plaintiffs. In determining the effect of the special findings, appellant cites the following cases: *Gas, Light & Coke Co.* v. *New Albany* (1894), 139 Ind. 660, 39 N. E. 462; *Terre Haute and I. R. Co.* v. *Becker* (1896), 146 Ind. 202, 45 N. E. 96; *Boardman* v. *Griffin* (1875), 52 Ind. 101; *Brunson* v. *Henry* (1898), 152 Ind. 310, 52 N. E. 407; *Avery* v. *Nordyke & Marmon Company* (1904), 34 Ind. App. 541, 70 N. E. 888; *Dunn* v. *Starke Co. Trust and Sav. Bk., Exr.* (1933), 98 Ind. App. 86, 89, 184 N. E. 424, and we are not permitted to examine further than the special facts found to determine what was proved, because there is no bill of exceptions containing the evidence. In view of this, as we read the special findings, without any help which counsel for the appellant may have had, we are confined to the facts literally found. These facts are such that the Court might have had evidence before it to sustain his findings, which findings support the conclusions thereon. The special findings in the particulars pointed out by appellant state facts and not conclusions of law and, if this be true, we must accept those facts upon the theory that the evidence before the trial court was sufficient to sustain such findings.

In addition to the foregoing points advanced by the appellant, he calls attention to the fact that on March 12, 1947, § 2-628, Burns' 1946 Replacement (1949 Supp.), the General Assembly of the State of Indiana passed what is now known generally as the fifty-year abstract statute. This act starts out as follows:

"Except as provided in the following sections, no action affecting the possession or title of real property shall be commenced which is founded upon either:

"(1) An unrecorded instrument executed more than fifty (50) years prior to the commencement of the action, or

"(2) An instrument recorded more than fifty (50) years prior to the commencement of the action which is held by a person not in possession, either himself or through a tenant, at the time the action is commenced, or

"(3) A transaction, act, event, or omission occurring more than fifty (50) years prior to the commencement of the action, or

"(4) A claim based on an interest arising out of the failure of a husband or wife to join in a conveyance by the other spouse of any interest in real property where the instrument of conveyance does not affirmatively disclose the fact of marriage, and has been recorded for a period of fifty (50) years."

An analysis of this section and of this action shows that this action is not one which affects the possession or title of real property and hence the statute would not be effective. Sub-sections 1, 2 and 4 are clearly not involved. Sub-section 3 is the only provision which might be applicable. This was a transaction, act, event or omission occurring more than fifty years prior to the commencement of the action, but the prayer of the complaint is that "plaintiffs demand

judgment against defendants for damages in the sum of One Thousand Dollars ($1,000), for costs and for all other relief proper in the premises." This does not create a suit affecting the possession or title of real estate. It is a suit for damages under a contract pursuant to which possession and title to real property had been given, and the damages are not for failure to receive the property or for failure of title but for failure to have a conveyance of the property as prescribed by the letter and spirit of the contract. Hence, it seems to us that this case, as it is presented, does not fall within the fifty-year statute of limitations.

By Finding No. 6, the court finds that the title to Mary M. Atkinson directly conflicts with the chain of purported title upon which defendants' base their claim of ownership of said land. This is not a conclusion of law, but a finding of fact. If the evidence were before us, we might find that this was not true, but without any evidence before us, we must accept the fact as found, and that fact is, that the claim of Mary M. Atkinson directly conflicts with the chain of purported title upon which defendants base their claim of ownership of said land. But the defendants did not see fit to put the evidence on this subject in the record and must face the situation as found by the court. Therefore, we may say that the fifty-year statute of limitations is not applicable here and the finding which the appellants say are conclusions are, in our opinion, facts, in view of the total absence of evidence in the record to show anything to the contrary.

Judgment affirmed.

NOTE.—Reported in 94 N. E. 2d 448.