WILLIAMS
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

---

WILLIAMS *v.* THE NEW-ALBANY AND SALEM RAILROAD
COMPANY.

Where a cause has been submitted to the Court for trial, and the bill of exceptions shows that there was no dispute about the facts, but that the decision turned upon a point of law, the Supreme Court will review the decision, notwithstanding no motion for a new trial was made.

A railroad company, after having obtained the right of way for its road, is entitled to the exclusive possession of such way, and stands to adjoining proprietors (where no statute has changed the relation) in the common relation existing between proprietors of lands bordering on each other.

At common law, proprietors of land are not bound to fence against each other, but each is bound to keep his stock upon his own land.

An act was passed on the 11th of *May*, 1852, providing that when any animal should be killed or injured by any vehicle run upon a railroad in this state, the owner might recover for his loss in a suit against the company, without proof of negligence, where the injury occurred upon a part of the road left by the company without a fence, &c. The act did not designate any tribunal in which the remedy should be sought. On the 1st of *March*, 1853, another act was passed, authorizing the prosecution in such cases to be instituted before a justice of the peace, and prescribing the mode of proceeding. The second section enacted, that on the hearing of the cause, the justice or jury trying the same should give judgment for the plaintiff for the value of the animal destroyed or injury inflicted, without regard to the question whether the injury or destruction was the result of wilful misconduct or negligence, or of unavoidable accident. The latter act expressly repealed the former, saving, however, pending suits.

*Held,* that the acts were in *pari materia,* were enacted to effect the same object, and were to be construed together.

*Held,* also, that under each of them, railroad companies, whose roads were not fenced in, were liable for the value of all stock straying without the owner's

May Term,
1854.

WILLIAMS
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

Friday,
May 26.

fault from adjoining lands, killed or injured by the cars, without regard to the question of negligence, misconduct, or inevitable accident.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—Action on the case by *Williams*, against the *New-Albany and Salem Railroad Company*, commenced on the 2d day of *April*, 1853.

There are two counts in the declaration; the first charging said company with carelessly running over and killing the plaintiff's mule upon her railroad; the second charging the killing of the mule by running over it at a point on said railroad not protected by a fence. The general issue was pleaded; the cause was tried by the Court; and a judgment rendered in favor of the defendant. The following is the bill of exceptions:

"The plaintiff proved that he was the owner of a mule worth 65 dollars, and that said mule was killed on the defendant's railroad by being run over by a train of cars owned by the defendant, about the 27th day of *September*, 1852, at *Clark* county. It also appeared in evidence that there was no neglect on the part of the defendant, or her agents, in the management of said train, but that the agents in the management of said train of cars, as soon as they discovered there was danger of said mule being killed, did all they could to stop said train and avoid said injury; but that the defendant had not enclosed the place where the mule was killed by any fence whatever. Whereupon the Court, to whose decision the cause had been referred, found for the defendant; to which decision of the Court the plaintiff excepts."

It will be observed that the railroad company made no attempt to prove that the mule was on the road through any carelessness of the owner.

This cause was decided by the Court below, without a jury, and no motion for a new trial was interposed. Had the cause been referred to a jury, and judgment suffered to pass upon their verdict without a motion for a new trial, this Court, as has been often decided, could not have interfered with the finding of the jury. It is judgments of

Courts upon points of law, not verdicts of juries, upon which this Court acts; and where no motion for a new trial is made, in a case tried by jury, but judgment is suffered to pass upon the verdict without objection, the judgment of the Court below is not asked upon the action of the jury, and hence there is no ruling of that Court to be examined here. But in this case the bill of exceptions shows that certain facts existed about which there was no dispute, and that the decision of the Court was as to a simple question of law upon those facts. It appears that the mule was killed by the railroad company, upon their road, where it was not fenced, but without carelessness in the management of the train by those in charge, and that the mule was worth 65 dollars. There was no conflict of testimony about these facts for a jury to weigh, and the Court, on the facts, pronounced, as a question of law, that the company was not liable. It may be assimilated to a case where a jury finds a special verdict upon the facts, and refers the question of law arising thereon to the Court. In such cases, where the decision of the Court is excepted to, it is subject to revision. See vol. 2, R. S. 1852, p. 115, sections 341, 342.

The questions of law, then, will be considered by this Court; and in doing so, it may be well to commence by stating two or three propositions which, we think, will not be disputed.

1. The railroad company, after having obtained the right of way for the road, was entitled to the exclusive possession of the strip of land over which the right of way had been obtained, and stood to adjoining proprietors in the common relation existing between landed proprietors bordering upon each other.

2. At common law, proprietors are not bound to fence against each other; but each is bound to keep his stock upon his own land.

3. As a consequence from the two foregoing propositions, in the present case, at common law, the mule in question was wrongfully on the track of the railroad company, and, as there was no negligence on the part of the

May Term, 1854.

WILLIAMS
v.
THE NEW-
ALBANY AND
SALEM RAIL-
ROAD CO.

company, the owner of said mule could recover no damages. Had the mule been wantonly killed, we may here remark, the company would have been liable, at common law, notwithstanding it was wrongfully on the track of the road. *Wright et al.* v. *Brown*, 4 Ind. 95.

But on the 11th of *May*, 1852, an act was passed by our legislature, providing that whenever any animal should be killed or injured by any vehicle run upon a railroad in this state, the owner might recover for his loss in a suit against the company running the vehicle, without proof of negligence on the part of the company, where the injury occurred upon a part of the road left by said company without a fence, &c. This act did not designate any particular tribunal in which the remedy should be sought. But on the first of *March*, 1853, another act was passed, authorizing the prosecution in such cases to be instituted before a justice of the peace, and prescribing the mode of proceeding to be pursued. The second section is as follows:

" On the hearing of said cause, the justice or jury trying the same shall give judgment for the plaintiff for the value of the animal destroyed or injury inflicted, without regard to the question whether such injury or destruction was the result of wilful misconduct or negligence, or the result of unavoidable accident."

This second act repealed the sections of the first under which the present suit was instituted, but it expressly saved pending suits.

The two acts are in *pari materia*, upon the same subject-matter, were enacted to effect the same object, and must be considered and construed together. The second is as explicit as language could make it, and plainly expresses what was intended to be the force of the first statute, which is a little more indefinitely worded. We have no doubt that the rule of decision should be the same under both, and that it must be directly the reverse of the common law.

Under these statutes, railroad companies must fence in their roads, or pay for all stock straying from adjoining lands without fault of the owner, killed or injured by them

in running the roads, without regard to the question of negligence, misconduct, or inevitable accident.

It is proper to remark, that this case is decided in the absence of an argument on the part of the railroad company, and, hence, we wish it limited in its bearing expressly to the facts upon which it is made.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Dewey* and *G. V. Howk*, for the appellant.

*R. Crawford*, for the appellees.