McCrory *et al. v.* Little, Guardian.

Filed Dec. 22, 1893.

* * * * *

No. 16,483.

McCRORY ET AL. *v.* LITTLE, GUARDIAN.

RECORD.—*Bill of Exceptions.— What Need not be Incorporated in.*—It is not necessary to incorporate special findings, conclusions of law and exceptions thereto into the bill of exceptions, as they become a part of the record without a bill of exceptions.

REAL ESTATE.—*Conveyance of Mortgaged Lands to Mortgagee.—Reconveyance of Same to Mortgagor's Wife.—Merger.—Instantaneous Seizin. —Effect on Mortgage Lien.—Estoppel.*—Where A. and wife execute a

McCrory *et al. v.* Little, Guardian.

mortgage to B. on a certain tract of land belonging to A., and thereafter A. and wife join in a conveyance of such land to B., by warranty deed, and B., as a part of the same transaction, and for the purpose of transferring the title of the real estate from A. to A.'s wife, conveyed the land to A.'s wife, no money or other consideration being paid on account of such conveyances, and vesting in B. no beneficial interest in such land, the seizin being instantaneous, B. did not take a fee-simple interest in such land, merging his mortgage lien, and B. is not estopped to assert his rights under the mortgage.

SPECIAL FINDING.—*Conclusions of Law.—Exceptions to.—Admission.—Intervening Errors.*—Where a party excepts to conclusions of law, he thereby admits that the facts were properly found; and, in such case, the court will not examine to see whether or not there was any intervening error, as the case must either stand or fall by the facts found.

SAME.—*When Can Not be Changed.*—A special finding can not be changed after it has been filed.

From the Rush Circuit Court.

*W. A. Cullen, J. D. Magee* and *J. Q. Thomas,* for appellants.

*D. W. McKee, B. L. Smith* and *C. Cambern,* for appellee.

DAILEY, J.—This cause was begun in the Rush Circuit Court, by John S. Clark, to foreclose a certain mortgage executed to him by the appellants Fannie McCrory and Perry McCrory upon real estate therein described, situate in said county.

At the time the mortgage was executed the title to the premises was vested in Perry McCrory, and the debt secured thereby was the debt of said Perry, for $2,500 in money loaned to him by John S. Clark. After the full execution of the mortgage, the land was deeded by appellants Perry McCrory and Fannie McCrory, his wife, to the mortgagee, Clark, who immediately reconveyed the same to the appellant Fannie McCrory. During the pendency of the suit, the appellee's ward, John S. Clark, was declared a person of unsound mind, and appellee, Joseph I. Little, was appointed his guardian.

The complaint is in the ordinary form upon a note and mortgage, asking judgment on the note against the appellant Perry McCrory, and a judgment of foreclosure against both of the appellants.

The appellants filed a joint answer of three paragraphs.

The first was a general denial.

The second admits the execution of the note and mortgage; alleges that the same were given for a debt of Perry McCrory; that [appellant Fannie was the wife of said Perry; that on October 7th, while appellee's ward still owned the note and mortgage, said Clark conveyed said real estate to appellant Fannie McCrory by a warranty deed, with full covenants, and that said Fannie took possession under said deed, and has been in peaceable possession ever since, and that said Clark intended, by said deed, to cancel said mortgage and satisfy said indebtedness.

The third paragraph of joint answer of appellants sets up payments by way of set-off.

The appellant Perry McCrory filed a separate answer, setting up the same facts as the third paragraph of the joint answer.

The appellee filed a reply to the separate answer of Perry McCrory, and to the third paragraph of the joint answer of the appellants in general denial.

The appellant Fannie McCrory filed her separate answer to the complaint in three paragraphs.

The first of which admits the execution of the mortgage sued on, but avers that she was then, and now is, the wife of Perry McCrory; that thereafter, to wit, October 7, 1886, she and her husband conveyed, by warranty deed, the mortgaged land to the mortgagee, John S. Clark, who accepted the deed and placed the same on record; that said Clark was, at the time of this convey-

ance, the owner of the note and mortgage in suit; that subsequently, on the 7th day of October, 1886, said Clark conveyed said real estate to her, in her own name, by deed, with full covenants of warranty; that she accepted the deed, and caused the same to be recorded, and is in possession under said deed, and is the owner of the tract free from the mortgage. Copies of the deeds are made exhibits thereto.

The second paragraph admits the execution of the mortgage as the wife of the appellant Perry McCrory; avers that the same was given to secure a debt of her said husband, represented by the note in suit; that afterwards she and her said husband conveyed said real estate so mortgaged, by warranty deed, to the appellee's ward, John S. Clark, who was, at the time of such conveyance, the owner and in the possession of the note and mortgage; that afterwards, on the 7th day of October, 1886, said Clark, being still the owner and in possession of said note and mortgage, conveyed the mortgaged real estate to said Fannie McCrory, by deed of general warranty; that she took possession under said deed, and has been ever since in the possession of the said real estate; that said Clark was, and is, her brother, and intended, by said conveyance, to cancel said mortgage, and satisfy said indebtedness. Copies of deeds are also made exhibits with this paragraph.

There was a demurrer sustained to the third paragraph of the separate answer of Fannie McCrory, to which she excepted.

The appellee replied in five paragraphs to the separate answer of Fannie McCrory.

In the first paragraph, it was alleged that on October 7, 1886, the real estate was conveyed by Perry McCrory and Fannie McCrory to said Clark for a nominal consideration of one dollar; that no consideration was ever paid,

and the deed to him was never recorded, nor in his possession; that the possession was retained by said Perry McCrory. The paragraph admits the signing and acknowledging of the deed for the same real estate to Fannie McCrory, as averred in the answer, but alleges that the same was done at the same time and as a part of the same transaction in which the first described deed was made; that said Fannie paid no consideration for said real estate; that both of said deeds were made for the sole and only purpose of transferring the title of said real estate from Perry McCrory to his wife, Fannie McCrory; that said Clark at no time had possession of either the deed or of the real estate; that he had no intention of releasing his said mortgage or the debt secured thereby; that he participated in said transaction as a mere conduit, to convey the title of Perry McCrory to said real estate to his wife Fannie McCrory.

The third paragraph by Joseph I. Little, guardian, sets up the same facts, substantially, as the first paragraph, with some additional averments by way of inducement and representations.

The fourth paragraph alleges that appellee, Clark, was intoxicated at the time the deeds were made.

The fifth paragraph alleges that at the time the deeds were made appellee, Clark, was a person of unsound mind.

Appellant Fannie demurred to each of said paragraphs of reply, separately, which demurrers were overruled and exceptions reserved.

The cause was tried by the court, on the foregoing issues, and upon appellants' request, made after the argument of counsel was heard, the court made a special finding of facts proven.

The special findings of fact and the conclusions of law thereon were as follows, to wit:

"That on the 28th day of December, 1892, the defendant, Perry McCrory, executed and delivered to the said John S. Clark the note described in the plaintiffs' complaint, said note being for the sum of two thousand, five hundred dollars, principal, payable at the expiration of five years from and after said date, with interest thereon from date, at the rate of six per cent. per annum and attorney's fees, and collectible without relief from valuation or appraisement laws; that the interest accruing on said note prior to the 28th day of October, 1888, has been paid; that the principal of said note and interest thereon at the rate of six per cent. per annum from the said 28th day of October, 1888, amounting in the aggregate to the sum of twenty-nine hundred and thirty-seven dollars and fifty cents, is due and remaining wholly unpaid; that on the said 28th day of December, 1882, said Perry McCrory and the defendant Fannie McCrory, who then was, and now is, the wife of said Perry McCrory, executed and delivered to said John S. Clark the mortgage described in the complaint, thereby conveying to said Clark the real estate therein described, namely, the west half of the southeast quarter of section thirty-two (32) in township fourteen (14) north, range eleven (11) east, in Rush county, Indiana, as security for the payment of the indebtedness evidenced by said note, and so found due thereon, according to its terms, and that on the said 28th day of December, 1882, said mortgage was recorded in the recorder's office of said Rush county, Indiana, in mortgage record number 15, at page 522; that a reasonable attorney's fee for the collection of the amount due on said note and for the foreclosure of said mortgage is one hundred and fifty-six dollars and eighty-seven cents. I further find that the indebtedness evidenced by said note was the separate indebtedness of the defendant Perry McCrory, and that said Perry McCrory was the

owner of the said real estate; that on the 7th day of October, 1886, and while said John S. Clark continued to hold and own said note and mortgage, the defendants, Perry and Fannie McCrory, and said Clark met at the office of a notary public, in the city of Rushville, at which time said Perry and Fannie McCrory conveyed said real estate, by deed, with covenants of general warranty, to said Clark, and that said Clark thereupon, immediately, and as a part of the same transaction, reconveyed said real estate to the defendant, Fannie McCrory; that the consideration expressed in said deed of conveyance from said Perry and Fannie McCrory to said Clark, and for which the same purports to have been executed, is one hundred dollars, and that expressed in and for which said deed from said Clark to said Fannie McCrory was executed is one dollar, but that, in fact, no money or other consideration was paid or given for, or on account of, the execution of either of said deeds; that prior to, and on, said 7th day of October 1886, said Perry McCrory was apprehensive of a suit for damages being instituted against him for an assault or an assault and battery, claimed to have been committed by him on one John S. Holmes, and that the sole and only purpose and intention of said deed of conveyance, and of said parties thereto, was to transfer the title to said real estate from said Perry to said Fannie McCrory in order to protect the same from any judgment for damages that might thereafter be recovered against said Perry McCrory in said apprehended suit; that the deceased wife of said John S. Clark was a sister of said Perry McCrory, and that said Clark met said Perry and Fannie McCrory on said 7th day of October, 1886, at the time of the execution of said deed, and became a party to the same, as above stated, solely at the request and for the accommodation of said Perry McCrory, and that it was not in-

tended by him or by any of said parties that said deeds, or either of them, should merge or extinguish the lien of said mortgage or vest in said Clark any beneficial interest in, or title to, said real estate, or that the same should have any other effect than to enable said Perry McCrory, through him, to vest the title to said real estate in said Fannie McCrory, and that said Fannie McCrory had full knowledge of said mortgage and of all of said facts at the time, and had no other or different intention; that said deed was never delivered to said John S. Clark, but, together with the deed so executed by him, and a mortgage of his personal property, executed by said Perry to his sister, Mary McCrory, for a like purpose was taken and filed for record by said Perry McCrory in the recorder's office of said Rush county, Indiana, on the 7th day of October, 1886; that at the time of the execution of said note and mortgage, said Perry and Fannie McCrory resided on said real estate, and have since continued to reside on and occupy the same as a home, the said Fannie claiming to own said real estate since the execution of said deed. I further find that, since the commencement of this action, namely, on the —— day of ———, 1891, said John S. Clark was, by the circuit court of Fayette county, Indiana, duly and legally adjudged a person of unsound mind, and that the plaintiff, Joseph I. Little, was, by said court appointed, and now is, the duly and legally qualified and acting guardian of said Clark.

"From the facts so found, I conclude: First. That the plaintiff is entitled to recover of and from the defendant, Perry McCrory, the sum of thirty hundred and ninety-four dollars and thirty-seven cents, including the sum of one hundred and fifty-six dollars and eighty-seven cents for the plaintiff's attorney's fees herein, collectible without relief from valuation or appraisement

laws, and with interest at the rate of six per cent. per annum, and the costs of this proceeding.

"Second. That the lien of the mortgage described in the complaint was not merged or extinguished, but is a valid and subsisting lien, and that the plaintiff is not estopped from asserting the same, but is entitled, as against both of the defendants, Perry McCrory and Fannie McCrory, to the foreclosure of the same, and the sale of the real estate therein described, namely, the west half of the southeast quarter of section thirty-two, in township fourteen north, range eleven east, in Rush county, Indiana, or so much thereof as shall be necessary for that purpose, as other lands are sold on execution, to pay and satisfy said judgment, together with the interest and costs accrued and to accrue thereon.

"WM. H. MARTIN, *Judge pro tem.*"

The appellants excepted to the conclusions of law, and afterward moved the court to make the special findings more specific. The special findings, conclusions of law, and the exceptions thereto, are incorporated in the bill of exceptions. This was unnecessary, as they become part of the record without a bill of exceptions. *State, ex rel.,* v. *St. Paul, etc., Turnpike Co.,* 92 Ind. 42 (47).

The motion to make the findings more specific was not made a part of the record by order of the court, and, as it is not set forth in the bill of exceptions, it constitutes no part of the record, and consequently no question is presented on the overruling of the motion.

The appellants moved for a new trial for two reasons, as follows: 1st. Because the findings of facts by the court are not sustained by the evidence. 2d. Because the court erred in overruling the motion of defendants to make the special finding of facts more specific.

This motion was overruled and the appellants ex-

cepted. From what we have heretofore stated, no question is presented by the second reason assigned for a new trial.

Counsel concede it to be the ordinary rule of law that he who makes a warranty deed is bound to defend the title, and they also recognize the well established rule that a lesser title is merged in or swallowed up by the greater, when united in the same person and held in the same capacity. But these rules are subject to exceptions. This court has declared, by repeated decisions, that a mortgage or minor title would not be merged, if, for the purpose of doing justice, it should be preserved. In such cases, equity keeps it alive to prevent injustice. *Hanlon* v. *Doherty*, 109 Ind. 37; *McClain* v. *Sullivan*, 85 Ind. 174; 1 Jones on Mort., section 873.

In *Cox* v. *Arnsmann*, 76 Ind. 210, the facts were that Arnsmann and wife conveyed certain lands to their son John, who, in an hour thereafter, reconveyed the same to his mother. The consideration expressed in both deeds was $500. Certain judgment creditors of the son undertook to sell the land to satisfy executions on their judgments. John had never taken possession of the land, and the court said that "Property so held in trust can not be sold * * for the debts of the trustee, although it may be sold for the debts of the *cestui que trust*," and referring to a section of the statute of frauds, it is said: "If, by virtue of this section, John Arnsmann were permitted to hold the property as his own, his father and mother would lose their property by fraud. To prevent that result, equity raises a constructive trust in John Arnsmann for the benefit of his mother, pursuant to the agreement by which he obtained the deed for the property, and permits that trust to be proved by parol."

In *Johnson* v. *Plume*, 77 Ind. 166, one Gallately owned

certain land, which he conveyed to James C. Plume, who was to borrow certain moneys out of the State sinking fund, securing the payment of the same by mortgage on said land, and then to reconvey the real estate to the grantor, which he did, but the wife of said Plume did not join in the execution of such reconveyance. After the death of Plume, said wife, as his widow, claimed one-third of the land. Under the statute, she was entitled to dower in all lands owned by her husband during marriage, in the conveyance of which she had not joined. It was held that the widow took no interest, because her husband never had a beneficial interest in the land, he having held simply as a trustee and by an instantaneous seizin. The court said: "The seizin is instantaneous, if the title is acquired merely for the purpose of its transmission and without intent to confer a beneficial interest."

In 1 Perry on Trusts, section 226, it is said: "The statute of frauds is no obstacle in the way of proof of an actual or constructive fraud in the sale of property. Parol evidence is admissible to establish a trust, even against a deed absolute on its face, if it would be a fraud to set up the form of the deed as conclusive."

To the same effect are *McDonald* v. *McDonald*, 24 Ind. 68; *Teague* v. *Fowler*, 56 Ind. 569; *Jackson* v. *Myers*, 120 Ind. 504.

In 1 Rice on Evidence, 289, the author says: "A union of the legal and equitable estates in one and the same person, operates as an extinguishment of an incumbrance in the absence of a controlling intention, as that intention existed at the time the two interests came together." "If there is no expression of the intention at the time, then all the circumstances will be considered in order to discover what is for the best interests of the party. He will be presumed to have intended that

the charge should be kept alive or should merge according to the benefit resulting from either. * * The correct view seems to be this, that equity will at all times lend its aid to defeat a fraud, notwithstanding the statute of frauds; any unconscionable act, by which it is sought to defraud a party, calls for the protection of the court, and parol evidence is always admissible to show the fraud." *Ryan* v. *Dox*, 34 N. Y. 307.

"It is the sound policy of the law to encourage the exposure of fraud and deceit, and to give great latitude to the evidence through which it is sought to establish a fraud." 1 Rice on Evidence, 292.

In this case, in order to determine the question of merger, the true test and controlling inquiry may be thus stated: Suppose that John S. Clark, when he received the deed from the appellants, October 7, 1888, had refused to reconvey the land to Fannie McCrory, could he have held title to the land by that deed? For the court to hold that he took a fee simple title to the land in question by virtue of such deed would be to ignore an unbroken chain of authorities upon the question involved, holding otherwise. Nor is the appellee estopped to assert his rights under the mortgage. The special finding explodes and effectually refutes any theory of estoppel, because it recites the conveyance to Clark on October 7, 1886, and the reconveyance to Fannie McCrory at the same time and as a part of the same transaction; that no money or other consideration was paid or given for or on account of said conveyances; that Clark became a party to the transaction for the purpose of transferring title of the real estate from said Perry to said Fannie; that it was not intended by any of said parties that said deeds, or either of them, should merge or extinguish the lien of the mortgage in suit, or vest in

Clark any beneficial interest or title to said real estate, and that Fannie had full knowledge of said mortgage, and of all of the facts, at the time of such transaction. The subject of estoppel sustains close affinity with the law of evidence, and "it is useless to invoke the doctrine of equitable estoppel where the evidence discloses that all the facts constituting the transaction were equally well known to both parties. * * Nor can it be relied upon in cases where both facts were open to inspection, and might have been known by casual reference to the record." 2 Rice on Evidence, 716.

Appellant Fannie McCrory occupies delicate and very dangerous grounds when she assumes the existence of a conspiracy between her husband and unfortunate brother, by means of which the legal title to the premises was vested in her. She was a mere volunteer and the sole beneficiary, and if the conveyances were tainted with fraud, she could derive no benefit from them. By excepting to the conclusions of law, appellants admitted that the facts were properly found. By the assignment of errors this admission is reiterated. From this it follows that if, on the facts found, the appellants have no case, the judgment must be affirmed, and the court will not examine to see whether or not there was any intervening error. The case for the appellant must stand or fall by the facts found by the court. *Martin* v. *Cauble*, 72 Ind. 67.

In *Reddick* v. *Keesling*, 129 Ind. 128, there was a special finding of facts and conclusions of law, and exception reserved to the conclusions. Appellant insisted that the court had erred in rulings on demurrer, but the court said: "The merits of the controversy are to be determined by the special findings of facts in the cause, and in such cases the judgment of the court below will not be reversed on account of intermediate errors."

We feel that the judgment of the court below ought to be, and it is, in all things affirmed.

