FRITZ JOHANNSON v. LORENZO E. MILLER.

FILED MAY 2, 1895.   No. 6157.

1. **Replevin**: EVIDENCE. In replevin the right of possession must be affirmatively shown to exist in favor of the plaintiff, and plaintiff's right to recover cannot be predicated upon the mere failure of the defendant affirmatively to establish in his own favor a superior right in that respect.

2. ——— : ———. Where the rights of plaintiff in an action of replevin owe their existence to certain written leases to parties from whom plaintiff claims to have derived his superior right of possession in the property replevied, the failure to offer in evidence either such original leases, or copies thereof when admissible, will operate to defeat plaintiff's action.

ERROR from the district court of Sherman county. Tried below before HOLCOMB, J.

*Nightingale Bros.*, for plaintiff in error.

*Aaron Wall, contra.*

RYAN, C.

This action of replevin was brought by the plaintiff in error for the possession of twenty tons of hay contained in three stacks which stood on premises owned by the defendant. In his petition plaintiff described the hay as having grown on section 36, township 16, range 14, a school-land section in Sherman county. On the usual issue in an action of this nature, there was a trial to a jury, which returned a verdict in favor of the defendant, upon which judgment was duly rendered.

The plaintiff claimed that he had the exclusive right to cut the grass on section 36 aforesaid, in 1890, under an oral lease with Johnson T. Hale, who, he alleged, had the right to make such lease by reason of authority to that effect

conferred upon him by R. H. Maxwell, the alleged holder of the lease of said school section made to him by the owner, the state of Nebraska. The defendant, though he attempted it, showed no valid right to enter upon said section for the purpose of making hay. He cut the grass thereon, and, when it was cured, removed it with no better claim of right than that the land was uninclosed and that the grass growing thereon could lawfully be converted into hay and removed by any one who took that trouble. As against any person owning or lawfully holding under the owner, this assumption was without question unwarranted, and yet, for the hay so removed, no mere stranger could maintain replevin. The instructions fairly embodied this proposition, and if the jury under such instructions, justified by the evidence, found correctly, there exists no reason for considering any other question presented in this court.

The only testimony tending to show a lease to R. H. Maxwell of this school section was given by himself. He said: "I held and owned a school land lease upon it in 1890—No. 35,445, No. 32,737. Maxwell, Sharpe & Ross Co., of Lincoln, Nebraska, now own my interest in it." Upon request to make the lease referred to, and which he said was in his possession, a part of his deposition, Mr. Maxwell said: "The present owners refuse said lease to be used for this purpose." There was no further attempt to introduce in evidence either the original or a copy of this lease. In reference to the rights of Hale with respect to the school section in 1890 the testimony, also by deposition of Mr. Maxwell, was, that he made a grass lease of it for that year to Mr. Hale; that he in writing appointed as his agent in Sherman county, Johnson T. Hale, whose residence was in Loup City, to look after and attend to said school lease land in 1890. This witness, when asked as to the authority which he conferred upon Hale, said that it was by a writing which would show for itself, and that he would send a certified copy of it, if necessary. There was intro-

duced in evidence neither the original nor a copy of the instrument just mentioned. The asserted right of plaintiff to the exclusive possession of the aforesaid section 36 was therefore not shown by competent evidence, for there was no proper proof of the existence and terms of the alleged school lease under which Maxwell claimed, neither was there primary, nor admissible secondary evidence of the contents of the written contract made by Maxwell with Johnson T. Hale, from which Hale derived his right to control said section. The judgment of the district court is

AFFIRMED.