## EDMUNDSON ET AL v. FRIEDELL.

[No. 25,536. Filed January 5, 1928.]

1. APPEAL.—*Assignment of error that court erred in conclusion of law does not question finding of facts.*—An assignment of error that the court erred in a conclusion of law based on a special finding of facts does not question the finding of facts, but, for the purpose of ruling on an exception to the conclusion of law, admits that the facts are fully and correctly found. p. 587.

2. REPLEVIN.—*Evidence held insufficient to sustain finding of facts in replevin action.*—In an action by the receivers of a corporation to replevy certain rugs in the possession of the defendant, on the theory that defendant's husband, while president of the corporation, used its money to purchase the rugs involved, the evidence was *held* insufficient to show either that he was president of the corporation or that the company's money was used in the purchase of the rugs. p. 589.

3. REPLEVIN.—*Evidence in replevin action held not to require certain findings.*—Evidence in action by receivers of corporation against the wife of its former president to replevy certain rugs found in her possession, *held* insufficient to show that the husband made no claim to the rugs involved or that the defendant was the only claimant. p. 590.

4. REPLEVIN.—*Evidence in replevin action by receivers of corporation to replevy rugs held not to require finding that defendant furnished no part of purchase price and did not deny that corporation furnished it.*—Evidence in action by receivers of corporation against the wife of its former president to replevy certain rugs found in her possession, *held* not to require a finding that she furnished no part of the consideration for the purchase of such rugs nor that she did not deny that the purchase money was furnished by the corporation. p. 590.

5. REPLEVIN.—*Plaintiff in replevin must recover on strength of own title.*—The plaintiff in an action of replevin must recover on the

strength of his own title and not on the weakness or even the complete failure of the defendant's title.   p. 591.

6.   TRUSTS.—*Facts held insufficient to establish constructive trust in goods purchased by president of corporation with corporate funds.*— In an action by the receivers of a corporation to replevy certain rugs on the theory that defendant's husband, while president of the corporation, used its money to purchase the rugs involved, these facts, if established, together with the fact that he made no claim to the rugs and that the defendant admitted that she furnished no part of the purchase price and did not deny that the purchase money was furnished by the corporation, would not establish a constructive trust in the goods.   p. 591.

7.   TRUSTS.—*Evidence to establish constructive trust by parol.*—To establish a constructive trust by parol, the evidence must be full, clear and convincing, and it must be more than a preponderance of the evidence.   p. 591.

From Grant Circuit Court; *J. F. Charles,* Judge.

Action by Lewis W. Edmundson and another as receivers of the Black Panther Oil and Refining Corporation against Carrie W. Friedell.   From a judgment for defendant, the plaintiffs appealed to the Appellate Court, from which it was transferred to the Supreme Court under subdivision 2, §1357 Burns 1926.   *Affirmed.*

*James R. Fleming* and *Moran & Gillespie,* for appellants.

*Van Atta & Clawson, G. A. Henry* and *G. W. Rauch,* for appellee.

TRAVIS, J.—This is an action in replevin, brought by appellants against appellee, to gain possession of "twenty imported Oriental rugs of assorted sizes."

Appellants' verified complaint alleged that they, as receivers of the Black Panther Oil and Refining Corporation, were duly and legally appointed, with authority to sue for the recovery and possession of any and all property of the corporation, and that the Black Panther Oil and Refining Corporation is the owner and entitled to the immediate possession of the rugs in question; and that the defendant, appellee, came into possession of the

rugs because she was the alleged wife of Max W. Friedell, president of the Black Panther Oil and Refining Corporation; and that while acting in such capacity, Max W. Friedell purchased the rugs in question and paid for them wholly out of the funds of the corporation, and that the rugs have at all times been the property of the corporation by reason of their having been purchased with the funds of the corporation; that the rugs were unlawfully taken and secreted from the corporation and had been unlawfully detained from the corporation and from its receivers.

The issue upon appellee's plea of general denial was tried by the court, which resulted in conclusions of law, that the law of the case is with appellee, and that appellants are not entitled to recover, and that appellee is entitled to recover costs, which were based upon a special finding of facts at the request of appellants. Judgment for appellee, and that appellants take nothing, upon the conclusions of law. Appellants moved for a new trial for the causes: (1) The decision of the court is not sustained by sufficient evidence; and (2) is contrary to law.

The errors assigned and relied on for appeal are: (1) The overruling of appellants' motion for a new trial; and (2 and 3) that the court erred in each of the conclusions of law.

The evidence consists solely of the testimony of two witnesses: Seraph Ashjian, whose testimony came to the court by deposition, and Carrie W. Friedell, the appellee, who testified before the court. The appellee did not present any evidence.

The condensed recital of the evidence as it appears in appellants' brief, which pertains to the errors on appeal, is as follows: Deposition of Seraph Ashjian: My name is Seraph Ashjian and I am engaged in the rug business . . . in the city of Indianapolis, and was so engaged

on January 18, 1921. Prior to this date, I had business dealings with Mr. M. W. Friedell and sold him some Oriental rugs; how many I do not remember, but quite a few. I personally made delivery of these rugs to the Friedell house at Marion, Indiana, and was there personally to see the arrangement of it. I saw Mr. and Mrs. Friedell, who were man and wife, jointly, either at my place of business or at their home, and took my orders from both of them. I understood Mr. and Mrs. Friedell to say that that was their home. The paper marked Exhibit 1, is a check which came to me through the mail in payment of the Friedell rugs, and it was the final payment for the rugs; he made two payments, I think the entire account was around $10,000 and was for Oriental rugs which I personally placed in this house.

Plaintiff's Exhibit 1, being the check in final payment of the Oriental rugs in question is as follows:

"No. 119        FRANKLIN NATIONAL BANK
        "3-44                                Pltfs. Ex. 1
                "N. E. M. Notary
                        3-10-25
        "Philadelphia, Jan. 18th, 1921.   No. 110
        "Pay to the Order of Ashjian Bros. of 210-212
        "North Meridian St., $5,017.00.   Five Thousand
        "and Seventeen and No-100 Dollars.
                        "Black Panther Oil and Ref. Corp.
                                "By M. W. Friedell, Pres.
        "Payable in current
        "bankable funds.
        "(For cash)"

Carrie W. Friedell, the appellee, testified at the trial that: "I am the defendant in this action, and was at my home in the city of Marion, when Ashjian delivered the Persian rugs, and have been living there ever since that time. I was present when a writ of replevin was served upon me by the sheriff. I was not there when the rugs were taken away by the sheriff, but was there when

the rugs. were returned. My signature is attached to plaintiff's Exhibit B, the delivery bond in replevin. It describes the rugs as one 12 x 15 Mulberry Oriental rug, one 9 x 12 Blue Oriental rug, four small rugs, all of the value of $1,150, and this correctly describes the rugs in question. These rugs were part of the rugs purchased of Ashjian. I have disposed of some of the rugs purchased of Ashjian, two large rugs and some small ones. I could not say whether the small ones I disposed of were from Ashjian or not; the large ones were from Ashjian."

Referring to the bill of exceptions of the evidence, witness Ashjian in reply to the question, "What was the nature of the business?" Answer: "Sold him (M. W. Friedell) some floor covering. Oriental." And further, questions by appellant to witness Ashjian were an admission that the rugs were sold to "him," M. W. Friedell. Ashjian made three or four trips to Marion to be there on the ground, so as to give the right sizes of rugs.

By the bill of exceptions, Mrs. Friedell, sole defendant, testified that she was present at their home in Marion when Ashjian delivered the rugs, and that she had been living there ever since that time. Appellant asked her the question: "These were part of the rugs you purchased of this man?" Answer: "Yes sir"; question: "The rugs described in this delivery bond were part of the rugs you purchased from this man Ashjian?" Answer, "Yes sir."

The court found the facts to be: (1) That plaintiffs were the duly appointed, qualified and acting receivers of the Black Panther Oil and Refining Corporation; (2) that such receivers were duly authorized to prosecute any and all actions on behalf of such insolvent in their own names; (3) that sometime during the month of June or July, 1920, one Max W. Friedell, who was then president of the Black Panther Oil and Refining Corporation,

purchased of Ashjian Brothers Rug Company of Indianapolis, Indiana, certain Oriental rugs and caused same to be delivered to a residence property then occupied by him at No. 709 West Fourth street in the city of Marion, Indiana; (4) that the defendant herein, Carrie W. Friedell, is the wife of the said Max W. Friedell and was at the time of the delivery of said rugs and is now occupying the said residence at 709 West Fourth street in the city of Marion, Indiana, and is now and was at the time of filing this action, in possession of certain of said rugs, to wit: The rugs described in defendant's delivery bond filed in this action; (5) that said rugs so described in defendant's delivery bond filed in this action were some of the rugs so purchased by the said Max W. Friedell of Ashjian Brothers Rug Company as aforesaid; (6) that the total puchase price of all of the Oriental rugs so purchased by the said Max W. Friedell of Ashjian Rug Company was about Ten Thousand ($10,000) Dollars.

Conclusions of law: (1) That the law is with the defendant in this action and the plaintiffs are not entitled to recover; (2) that the defendant is entitled to recover costs.

Based upon the second assignment of error, that "The court erred in its conclusion of law No. 1 upon a special finding of facts," appellants assert the sole proposition, "it is elementary that where there is no evidence to support the findings of the court in this case that the case should be reversed and the court ordered to restate its conclusions of law and render judgment for appellants." In answer, we say that it is elementary that an assignment of error based upon an exception to the conclusion of law does not question the special finding of facts, but for the purpose of the exception and the error declared thereon, admits the special finding of facts to be full, complete, and true. Appellants' proposition of law might apply under a motion for

a new trial for the reason that the special findings are contrary to law. *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122; *Barney* v. *Yazoo, etc., Land Co.* (1913), 179 Ind. 337, 342, 101 N. E. 96; *Kline* v. *Dowling* (1911), 176 Ind. 521, 524, 96 N. E. 579; *Conner* v. *Andrews Land, etc., Co.* (1904), 162 Ind. 338, 349, 70 N. E. 376; *Blair* v. *Curry* (1897), 150 Ind. 99, 101, 46 N. E. 672, 49 N. E. 908; *McCrory* v. *Little, Gdn.* (1893), 136 Ind. 86, 98, 35 N. E. 836; *Kinsey* v. *State, ex rel.* (1884), 98 Ind. 351; *Maxwell* v. *Vaught* (1884), 96 Ind. 136; *Gregory* v. *VanVoorst, Aud.* (1882), 85 Ind. 108; *Robinson* v. *Snyder* (1881), 74 Ind. 110, 113; *Lockwood* v. *Dills, Admr.* (1881), 74 Ind. 56; *Cruzan* v. *Smith* (1872), 41 Ind. 288, 293; *Williams* v. *New Albany & Salem R. Co.* (1854), 5 Ind. 111, 113.

No question was presented by the proposition under the second assignment of error.

Appellants' proposition is stated thus upon the third assignment of error: "That the court erred in its conclusion of law No. 2 upon the special finding of facts, it is appellants' contention that the undisputed evidence in this case entitles appellants to a judgment in their favor and therefore the court erred in its second conclusion of law."

It is apparent that an attack upon the correctness of the special finding of facts is sought to be founded upon error pleaded upon the conclusion of law. This is not the practice, as held by the authorities last cited. Appellants made no other proposition of law pertaining to the third assignment of error, therefore the question of law is not presented for review.

Appellants attack the special findings of the court because the decision of the court, as exemplified by the special findings, is not sustained by sufficient evidence and is contrary to law, in the motion for a new trial, and make the proposition that the court failed to find certain

pertinent and material facts which were proved, to wit:

(1) That "the undisputed evidence in this case discloses that one Max W. Friedell was president of the Black Panther Oil & Refining Corporation and used $5017.00 of the moneys of the Black Panther Oil & Refining Corporation with which to purchase the Oriental rugs in question."

(2) That "the undisputed evidence also disclosed that Max W. Friedell is making no claim to the rugs in question, and the only claimant is the defendant Carrie W. Friedell."

(3) That "this defendant admits that she furnished no part of the consideration for the purchase of the rugs and is purely a volunteer, nor does she deny that the purchase money for said rugs was furnished by the Black Panther Oil & Refining Corporation."

Concerning the first of appellants' asserted proved facts not found by the court: there was no evidence that Max W. Friedell was president of the corporation. Max W. Friedell is not a party to this action. He was not a witness in this case. The only evidence in relation to the check was that contained in the deposition of witness Seraph Ashjian. His evidence in no way connects Max W. Friedell with the check in question, except that the name M. W. Friedell appeared on the check as set out in the facts given in this opinion. The witness testified that the check came to him through the mail from out west, without connecting in any way Max W. Friedell with it as the sender or as its maker. The amount of the check was insufficient, according to the evidence, to buy the rugs that were purchased by Max W. Friedell. Neither the facts as specially found nor the evidence as presented by appellants' bill of exceptions disclose that the check in question was ever presented for payment, or that it was paid, or that any money or funds of appellants insolvent were

paid to vendor Ashjian or to any other person for the rugs. The evidence of the language composition of the check and of its receipt by Ashjian is insufficient to support an inference that the funds of the insolvent paid the check. Two other payments had been made on the account of the purchase of the rugs prior to the receipt by the vendor of the purported check in question.

Concerning the second of appellants' asserted proved facts not found by the court: the fact that Max W. Friedell makes no claim to the rugs in question 3. is by inference only, founded upon the fact, as shown by the record, that he was not made a party to this action, and therefore was not present to make a claim. It was not incumbent upon him to claim the rugs. There is nothing in the inference, if it were necessary, to aid in giving the relief sought by the prayer of the complaint, which is that "Plaintiffs ask judgment that they are entitled to the possession of said property and $1,000 damages for its detention."

Concerning the third of appellants' asserted proved facts not found by the court: we compare this third contention with appellants' recital of the evidence 4. and say that no statement is made in the recital of the evidence upon which to base such contention. Neither she nor Ashjian said that she furnished no part of the consideration and that she is purely a volunteer. By the third contention it is further asserted that the defendant did not deny that the purchase money for the rugs was furnished by the corporation. It is not shown that she had the opportunity to deny that all the purchase money was furnished by the corporation, but it is perfectly plain to be seen from the evidence disclosed by appellants' brief that the corporation did not furnish all of the purchase money for the rugs.

It seems by the above contention that the plaintiff

in this action is seeking to recover upon a failure by the defendant to establish the legal title to the rugs in herself. In replevin, the right of possession must be affirmatively shown to exist in favor of the plaintiff, and the plaintiff's right to recover cannot be predicated upon the failure of defendant affirmatively to establish in her own favor a superior right. A plaintiff in replevin must recover on the strength of his own title, and not the weakness or even the failure of title in the defendant. *Simcoke* v. *Frederick* (1848), 1 Ind. 54; *Davis* v. *Warfield* (1872), 38 Ind. 461; *Johannsen* v. *Miller* (1895), 45 Nebr. 53, 63 N. W. 141.

Appellants assert upon these facts not found by the court, a foundation in equity for a constructive trust. If it were necessary here to establish a constructive trust, which it is not necessary to decide, the facts thus mentioned and which it is alleged ought to have been found as facts specially by the court, are not full, clear, and convincing, and are insufficient to lay a foundation to establish a constructive trust. To establish a constructive trust by parol, the evidence must be convincing, and to be convincing, it must be full and clear. It must be such as to go beyond the ordinary rule of preponderance of evidence. The evidence in this case, outside the special findings of facts, falls far short of this rule. *Tillar* v. *Henry* (1905), 75 Ark. 446, 88 S. W. 573; *Crosby* v. *Henry* (1905), 76 Ark. 615, 88 S. W. 949.

The court did not err by its action overruling appellants' motion for a new trial.

Judgment affirmed.

Gemmill, J., not participating.